KATE FOX

*v.*

JOHN LYNCH.

[Decided July 28th, 1906.]

1. A covenant in a lease not to claim a rebate for alterations to fixtures on the premises does not relate to the tenant's right to removal of trade fixtures put in by him.

2. Covenants restricting the tenant's ordinary right to remove trade fixtures are always strictly construed.

3. Under a covenant to deliver up the premises at the end of the term in good repair, a tenant can remove old fixtures and replace them again at the end of the term with repairs necessary to make their condition as good as when received or when taken out.

4. Under a covenant in a lease for the delivery of the premises at the expiration of the term in as good repair as when received by the tenant, reasonable wear and tear thereof excepted, a tenant is not obliged to replace fixtures becoming useless from ordinary wear and tear.

5. Where a lease of a saloon stipulated that the lessee was to make no alterations without the written consent of the lessor, and would surrender the possession at the expiration of the term in as good a state "as the same are now or may be put into by the lessor, reasonable wear and tear thereof," &c., "excepted," the lessor had no claim to any fixtures except those leased, with alterations or repairs made by the lessee, and the threatened removal during the term of fixtures substituted by the lessee for old fixtures, which he claimed had become worn out, did not justify an injunction, the remedy at law either for waste or for breach of covenant being adequate.

On application for preliminary injunction. Heard on bill, answer and affidavits.

*Mr. Homer* and *Mr. Lloyd,* for the complainant.

*Messrs. Grey & Archer,* for the defendant.

EMERY, V. C.

This is an application for a preliminary injunction on a bill
filed to enjoin the removal of fixtures. Complainant leased to
defendant premises in Camden for the purposes of a saloon, in
which there were at the time bar fixtures and fittings. These
fixtures had been in use for some time, and the lease contained
a clause that the lessee "will claim no rebate of any nature for
any repairs or alterations he may make to the fixtures that are
now on the premises." The lease contained also an agreement by
the lessee

"not to use the premises for any other purposes than a beer saloon, nor
make or suffer to be made any alterations therein, without the written
consent of the said party of the first part,"

and the usual clause to yield up and surrender possession of the
premises, with the appurtenances, at the expiration of the term,
"in as good state and condition as the same now are or may be
put into by the lessor, reasonable wear and tear thereof and acci-
dents happening by fire or other casualties excepted."

The lease was for five years from October 1st, 1901, and the
tenant is still in possession. Within a few months after defend-
ant took possession he removed the bar fixtures and fittings and
replaced them by others. In 1903 defendant removed this
second set and replaced them with larger and more expensive
fixtures. Defendant claims that the fixtures on the premises at
the time of the lease were old and worn and became useless, and
that by an express agreement made between himself and the hus-
band of the complainant, as her agent, the old fixtures were
removed, and all of them were disposed of by the agent, some
of them being taken to his own premises. The husband denies
any such agreement, but admits knowing of defendant's inten-
tion to remove the old fixtures, and that a small portion of them
(but not all that defendant claims) came to his possession.
Complainant's solicitor denies the husband's authority to make

any agreement for the wife in relation to the fixtures, and the husband says he had none. All of the fixtures put in by defendant, as well as those on the premises at the time of the lease, were readily detachable, without injury to the building, and were undoubtedly of the kind classed as trade fixtures, ordinarily removable, as between landlord and tenant, unless the lease controls this right. Defendant proposes to remove the fixtures put in by him to other premises which he owns and is fitting up for a saloon. Complainant claims that under the lease these fixtures put in by the tenant are not removable—*first,* because the fixtures are put in by way of substitution for the fixtures on the premises, and their removal would constitute waste, and *second,* because the removal would be a violation of the express covenant to yield up the premises in as good condition as they were when leased. The covenant not to claim a rebate for alterations to the fixtures on the premises is also relied on, but this covenant does not relate to the tenant's right to removal of trade fixtures put in by him. Covenants restricting or claimed to restrict the tenant's ordinary right to remove trade fixtures are always strictly construed, and cannot be extended by implication. Under the covenant to deliver up the premises at the end of the term in good repair, the tenant has the whole time until the end of the term to put the premises in as good repair as they were at the commencement of the term, and the covenant is not a continuing covenant to repair and keep in repair at all times during the lease. *Reed* v. *Snowhill, 51 N. J. Law (22 Vr.) 162, 164 (Court of Errors and Appeals, 1888).* Under a covenant of this kind defendant had the right to remove the old fixtures and replace them again at the end of the term, with the repairs or alterations necessary to make their condition as good as when received or when taken out. *Andrews* v. *D. B. Co., 132 N. Y. 348, 351.* There is no obligation on the part of the tenant to retain specially for the landlord this third set of fixtures, and his substitution of a fourth set during the term would be no violation of complainant's rights under the lease. As I now look at the case, the complainant's rights, under the mere covenants of the lease, do not extend further than to require at the end of the term a set of fixtures as good as those delivered and the substituted fix-

tures are not made *ipso facto* her fixtures. For a violation of a contract of this character the remedy at law is adequate, and so far as the case depends upon the enforcement by injunction of the specific performance of any contract relating to the removal of fixtures this test of the adequacy of the legal remedy should be applied to the case. *1 High Inj.* (*4th ed.*) § *433*. So far as the case depends upon the right to enjoin waste, or threatened waste, the remedy at law is not only adequate, but, in the present case, it is really the most equitable remedy. For complainant under the lease had no legal or equitable claim to any fixtures, except the fixtures she leased, with the alterations or repairs made to those fixtures by the defendant during the lease. Defendant was under no obligation to keep the premises and fixtures in repair from damages caused by their ordinary use, wear and tear, as the tenant was in *Ashby* v. *Ashby, 59 N. J. Eq.* (*14 Dick.*) *536* (*Vice-Chancellor Grey, 1900*). And if the fixtures from ordinary wear and tear, and after the alterations or repairs made by defendant, became useless, defendant was not, I think, obliged, under the lease, to replace them. If he replaced by his own fixtures those which had in fact become useless and worn out by ordinary use and wear, the new fixtures can become the landlord's only by the application in his favor of very strict rules of law relating to substitution of fixtures. The present claim to retain all the more expensive fixtures put in by defendant, merely because the old fixtures were taken out without her consent, and because the new fixtures are for the present being used in their place, even if well founded, is one based on strict legal right as to the result of substitution, and on a legal right which has not yet been declared in this state. The enforcement, as well as the settlement of such right, if it exist, should in this case be left to the courts of law. The removal of the fixtures would not work any such waste or destruction of the premises as to justify an injunction for this reason, and the case is one where the remedy at law, either for damages for waste, or for breach of the covenant to deliver at the end of the term, would best work out the equities as well as the legal rights of the parties.

The application will therefore be denied.