ALBERT G. BRAEM, RESPONDENT, v. WASHINGTON PIECE DYE WORKS, APPELLANT.

Submitted June 6, 1924—Decided October 28, 1924.

1. Under a lessee's covenant to surrender the premises "in as good a state and condition as reasonable use thereof will permit, damages by the elements excepted," the tenant is not liable for the ordinary wear and tear or reasonable use of the premises; and their condition at the time he took possession is a material consideration, because his duty as to delivering them up in good repair is a comparative one only, dependent upon their nature, quality and condition at the time he executed the lease.

2. In an action by the lessor for breach of covenant in a lease to deliver up the premises "in as good a state and condition as reasonable use thereof will permit, damages by the elements excepted," the measure of damages is the amount required to restore the premises to the condition they were in at the beginning of the lease, due allowance being made for reasonable use and wear, and the operation of the elements.

On appeal from the District Court of the city of Paterson.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Abram I. Blueslein.*

For the respondent, *Albert Comstock.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment in favor of plaintiff, entered upon the verdict of a jury for $225 and costs.

The action was grounded upon the alleged breach of a covenant in a lease executed on October 11th, 1922, between plaintiff-respondent, as lessor, and defendant-appellant, as lessee. The covenant is as follows:

"At the expiration or termination of this lease, the said party of the second part [defendant] will quit and surrender

the premises hereby demised in as good a state and condition as reasonable use thereof will permit, damages by the elements excepted."

The learned trial judge conducted the case upon the theory that the lessee was bound to surrender the demised premises in a good state and condition, regardless of and wholly independent of the condition of the premises at the time of the letting. Upon this theory the judge prevented the defendant from showing the condition of the premises at the time of the letting, and instructed the jury that the point for them to decide was whether the demised premises was left in good condition at the time it was surrendered.

The defendant maintains that this was harmful and prejudicial to him because it practically excluded his defense and deprived him, if the jury found a breach of the covenant in question, from having the damages caused by such breach determined by the jury according to the true measure of damages in such a case.

We are of the opinion that the defendant's position is well taken.

Whether the state of repair in which the premises are left is a sufficient compliance with the lessee's covenant to leave in the condition specified is a question of fact in each case, varying, of course, with the requirements of the covenant and the extent to which it has been complied with by the tenant.

In the instant case the requirement of the covenant was to surrender the premises "in as good a state and condition as reasonable use thereof will permit, damages by the elements excepted." It was not an unqualifid covenant to surrender the premises *in good condition,* as the plaintiff argues and as the trial judge assumed. Now, under the lessee's covenant to surrender the premises "in as good a state and condition as reasonable use thereof will permit, damages by the elements excepted," the tenant is not liable for the ordinary wear and tear or reasonable use of the premises; and their condition at the time he took possession is a material consideration, because his duty as to delivering them up in good repair is a

comparative one only, dependent upon their nature, quality and the condition at the time he executed the lease. *Fox* v. *Lynch,* 64 *Atl. Rep.* 439; *Reed* v. *Snowhill,* 51 *N. J. L.* 162; *Hanchett* v. *O'Reilly,* 76 *Id.* 212; *affirmed,* 78 *Id.* 555; *Proudfoot* v. *Hart, L. R.,* 25 *Q. B. Div.* 42; 59 *L. J. Q. B.* (*N. S.*) 389; 63 *L. T.* (*N. S.*) 171; 38 *Week. Rep.* 730; 55 *J. P.* 20. See also the comprehensive note in 64 *L. R. A.* 648.

And in an action (such as this) by the lessor for breach of covenant in a lease to deliver up the premises "in as good a state and condition as reasonable use thereof will permit, damages by the elements excepted," the measure of damages is the amount required to restore the premises to the condition they were in at the beginning of the lease, due allowance being made for reasonable use and wear, and the operation of the elements. 24 *Cyc.* 1113, and cases there cited.

It is therefore quite obvious that the action of the trial judge in excluding the evidence as to the age and condition of the building at the time of the execution of the lease was erroneous and prejudicial to the defendant.

The judgment below will be reversed and a *venire de novo* awarded.