JOSEPH A. DOLAN *v.* STATE OF MARYLAND

[No. 144, Initial Term, 1967.]

*Decided May 12, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and MENCHINE, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Howard B. Merker* for appellant.

*Lewis A. Noonberg, Assistant Attorney General,* with whom were *Robert C. Murphy, former Attorney General, John C. Cooper, III, Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James F. Garrity, Assistant State's Attorney for Balitmore City,* on the brief, for appellee.

Per Curiam.

Appellant appeals from convictions and sentences of (a) five years confinement on a charge of false pretenses (Indictment No. 5769), and (b) six months confinement on a charge of unlawfully acting as an insurance agent and broker while unlicensed (Indictment No. 5778).

At trial, it was stipulated that appellant's licenses to operate as agent or broker in Maryland were suspended indefinitely on October 20, 1962, and that on the date of the alleged offenses, September 10, 1965, appellant was not a licensed insurance agent or broker. Testimony was produced that on September 10, 1965, Melvin Holmes, an investigator for the Department of Motor Vehicles, acting under instructions of his supervisors, had gone to appellant's place of business for the express purpose of attempting to purchase automobile insurance from appellant. Holmes gave appellant $20.00 and received a completed UCJ-1 form from the appellant, which certified Holmes to be insured and qualified to obtain license tags for a motor vehicle.

### Indictment No. 5769 (False Pretenses)

An essential element of the offense of obtaining money by false pretenses is that the victim relied upon the false representation. *Levy v. State,* 225 Md. 201, 206. It is conceded in this case that the supposed victim of the false pretense knew that any representation by Dolan that he possessed the power and authority to commit an insurer to the protection of a proposed assured was false. Judgment entered under this indictment cannot stand.

### Indictment No. 5778

In this appeal it is contended that the trial court demonstrated prejudice by statements made during the course of a hearing on preliminary motions, and that the trial court erred in refusing to grant a change of venue because of alleged prejudicial publicity. There is merit in neither contention.

The suggested prejudice of the court is based upon a comment of the court in ruling on a preliminary motion. No objection was made at the time and no later motion that the trial judge disqualify himself was made. The point is thus not before us. Maryland Rule 1085. In any event the case was decided by a

jury and there is not the slightest suggestion of judicial impropriety in its entire course. *Nicholson v. Blanchette,* 239 Md. 168, 175.

As to the Court's refusal to grant a change of venue—Article 75 §44 itself makes it clear that, in cases such as the subject, before a removal will be ordered the parties suggesting the same must "make it satisfactorily appear to the court that such suggestion is true (that he cannot have a fair and impartial trial) or that there is reasonable ground for the same." The language of this section has been described as requiring the "logical conclusion that in the absence of evidence to show that the court below acted arbitrarily and abused or refused to exercise the discretion given it by the amendment, this Court cannot say that the removal should or should not have been granted, and can only affirm the action of the lower Court." *Downs v. State,* 111 Md. 241, 248. There is no showing of an arbitrary abuse of discretion by the trial court. Voir dire examination of eligible jurors disclosed that only three members had ever heard of the defendant or his supposed offenses.

The third and last point made by the appellant is that the lower court erred in refusing to grant an additional charge to the jury as to entrapment. The record shows that the only exception taken as to entrapment instruction was the following:

> "As to entrapment, I wonder if you would instruct there was no testimony to show illegal design or intention on the part of Mr. Dolan. There was nothing to show that there has been any evidence presented by the State to show that Mr. Dolan performed an illegal act."

This exception really raised the issue of the legal sufficiency of the evidence to convict. As to this, it is unnecessary to say more than that the evidence tends to show a wilful violation of the provisions of Article 48A, §167.

In any event, there was no illegal entrapment shown. In *Callahan v. State,* 163 Md. 298, it was said at page 301:

> "It has been argued, in support of the motion to suppress the evidence of the prosecution, that the traverser was induced by the officers, who made the arrest, to

violate the law in order that a prosecution would result. There was, however, no testimony of an entrapment within the rule adopted in some jurisdictions, since there existed reasonable suspicion on the part of the officers that the party was engaged in the unlawful sale of intoxicating liquor at the time it was ordered. *Cornelius on Search and Seizure,* sec. 39. It is not objectionable for an officer of the law to lay a trap or unite with others to detect an offender."

See also *Ferraro v. State,* 200 Md. 274, 281.

> *Judgment in Indictment No. 5769 reversed.*
> *Judgment in Indictment No. 5778 affirmed.*