CLIFFORD C. JARRETT *v.* STATE
OF MARYLAND

[No. 110, Initial Term, 1967.]

*Decided June 27, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and MELVIN, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*Benjamin L. Brown* for appellant.

*Fred Oken, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

MELVIN, J., delivered the opinion of the Court.

The appellant, Clifford C. Jarrett, was tried and convicted

in the Criminal Court of Baltimore before Judge Carter, without a jury, on an indictment containing three counts charging him with selling, possessing, and having under his control a narcotic drug. On this appeal his only claim is that the evidence showed that he was entrapped by an undercover police officer and a police informer.

The State's evidence was as follows: Officer Bernard Tabbs, the undercover police officer, and the informer were walking on Pennsylvania Avenue in Baltimore City looking for people known to the informer to be selling narcotics. They saw the appellant, known to the informer as "One Wing." The informer asked "One Wing," "Are you in shape?" To which cryptic question "One Wing" answered, just as cryptically, "Yuh." The appellant then told Officer Tabbs and the informer to wait for him in the men's room of a nearby night club. Officer Tabbs and the informer did so, and shortly thereafter the appellant entered the men's room with a number of glassine bags containing heroin, a narcotic drug. The appellant took six of the bags and placed them on top of a toilet, whereupon Officer Tabbs offered the appellant $25.00 for the six bags, which offer was accepted by the appellant. Officer Tabbs picked up the six bags from the top of the toilet and paid the appellant $25.00. As the three men were leaving the men's room Officer Tabbs asked the appellant if he would "have any more tomorrow." The appellant replied that he "had two carloads." The appellant did not testify in his own behalf and the foregoing evidence is not contradicted in any essential detail.

We see nothing in the record to support the claimed defense of entrapment. The principles of law respecting entrapment are stated in *Callahan v. State,* 163 Md. 298, 302, and restated in *Ferraro v. State,* 200 Md. 274, as follows:

"* * * It is not objectionable for an officer of the law to lay a trap or unite with others to detect an offender. The only effect would be to justify a more careful scrutiny of the evidence. Where the crime is not against the person nor the property of the instigator, it is not clear how, in the absence of special circumstances, the commission of a crime at the solicitation

or procurement of another, although an officer of the law, makes the culprit any less guilty than if the criminal design had originated with the wrongdoer himself, * * *."

These standards have been cited with approval and applied in every succeeding Maryland case in which entrapment has been claimed. *Baxter v. State,* 223 Md. 495, 499; *Lane v. State,* 226 Md. 81, 88; *Stewart v. State,* 232 Md. 318; *Snead v. State,* 234 Md. 63; *Cross v. State,* 235 Md. 377; *Smith v. State,* 242 Md. 712.

Using the standards stated in these cases we hold that the conduct of the police officer in the instant case had an appropriate objective of uncovering criminal design, and was permitted police activity often employed and frequently essential to the effective enforcement of the law.

*Judgment affirmed.*