LESLIE BARGER *v.* STATE OF MARYLAND

[No. 9, September Term, 1967.]

566

*Decided December 7, 1967.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Joseph A. DePaul* and *Glenn B. Harten* for appellant.

*Dickee M. Howard, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Howard S. Chasanow, Deputy State's Attorney for Prince George's County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Leslie Barger, the appellant, appeals from a conviction of

murder in the second degree in the Circuit Court for Prince George's County, Judge Ralph W. Powers presiding with a jury. Barger was originally indicted on April 19, 1963, for murder. He was convicted of murder in the second degree and sentenced to sixteen years. The Court of Appeals of Maryland reversed the judgment and remanded the case for a new trial because of an error in the instructions concerning the law of self-defense, *Barger v. State*, 235 Md. 556, 202 A. 2d 344. Later in the case of *State v. Barger*, 242 Md. 616, 220 A. 2d 304, the Court of Appeals of Maryland ruled that since he had been acquitted of murder in the first degree at the first trial, he could not thereafter be tried on that charge. The present appeal concerns the last trial when he was again convicted of murder in the second degree and was again sentenced to serve sixteen years. Since the errors alleged concern rulings on evidence and alleged misconduct of the State's Attorney, it will not be necessary to give a complete statement of facts. The evidence was, however, substantially the same as that produced at the first trial and a complete statement of facts are set out in *Barger v. State, supra.*

## I Cross Examination

Sandra Koch, the wife of the deceased, was called as a witness for the State. Barger complains that he was not permitted on cross-examination to question her concerning various incidents that had occurred prior to the date of the homicide. (The State had limited its direct examination to what actually occurred on the night of the shooting.) As Barger concedes under *Plank v. Summers*, 205 Md. 598, 109 A. 2d 914 the scope and extent of cross-examination rests largely in the discretion of the trial court. Relying on *Williams v. Graff*, 194 Md. 516, 71 A. 2d 450 and *Shupe v. State*, 238 Md. 307, 208 A. 2d 590, he alleges that the court abused its discretion. The record shows, however, that while Barger was offering the defense testimony, he recalled Mrs. Koch and explored all of these matters thoroughly. Assuming, without deciding, the trial court was in error, we are unable to see any prejudice to Barger whether the testimony came in on cross-examination of Mrs. Koch or on her subsequent direct examination.

## II Threats

In the examination of Trudy Laurenson, a witness for the defendant, the court restricted the testimony concerning recent threats the deceased had made against the accused to what the witness had told to the accused. The witness indicated that she had told the accused about all of the threats and was permitted to state in detail exactly what she had told him. It appears that she had related the threats in full to the accused; therefore, the full facts were brought to the attention of the jury. In so limiting the testimony, it appears that the court was in error under *Turpin v. State*, 55 Md. 462, *Winner v. State*, 144 Md. 682, 125 A. 397. The Maryland rule is in accordance with the general rule that recent threats by the deceased against the accused, or by the victim in a case involving assault and battery, are admissible in evidence. *1 Wharton's Criminal Evidence* § 199 (12th Edition), 98 A.L.R.2d 6 (Homicide) 98 A.L.R.2d 195 (Assault and Battery). The rule is, however, limited in that such threats are admitted only in cases where, as here, there is some evidence of self-defense and some question as to who is the aggressor. The theory supporting the admissibility is that the threats tend to show which of the parties was the aggressor. Where, as here, the full facts were brought to the attention of the jury, we fail to see how Barger was prejudiced by the error.

In the original cross-examination of Mrs. Koch the defense proffered testimony of threats made by the deceased against the accused but the court ruled that that would be a proper subject for direct examination when the defense was introducing its evidence. When Mrs. Koch was recalled to the stand as a witness for the defense, she was permitted to answer all questions propounded to her concerning threats. Again we fail to see any prejudice to the appellant's rights.

### III Specific Acts of Violence

Barger complains that in the examination of Mrs. Laurenson, of Mrs. Koch, and of a third witness, he was precluded from showing recent specific acts of violence of the deceased unless they had been communicated to him prior to the homicide. As we said above, there was some testimony supporting

the theory of self-defense and some question as to who was the aggressor. The general rule is that, under these circumstances, recent specific acts of violence are admitted only where they are known to the accused at the time of the homicide. *1 Wharton's Criminal Evidence* § 228 (12th Edition), 1 A.L.R.3d 601, 121 A.L.R. 380, and under the same authorities such specific acts cannot be offered to show a general reputation for violence. Although perhaps, the precise point presented here has not been presented to The Court of Appeals of Maryland, nor to this court, the language of The Court of Appeals of Maryland in *Jones v. State,* 182 Md. 653, 35 A. 2d 916, *Gunther v. State,* 228 Md. 404, 179 A. 2d 880 indicate that Maryland follows the general rule. We see no error in the trial court's rulings on the specific acts of violence.

## IV Impeachment of Own Witness

Barger alleges error in that the State was permitted to cross-examine its own witness, Mrs. Koch, after she had been recalled as a witness for the defense concerning the fact that subsequent to the killing she lived with the accused and had borne him a child.

Although the rule has been severely criticized,[1] *Bruce v. State,* 218 Md. 87, 145 A. 2d 428 and *Baltimore & O. RR. v. State ex rel. Black,* 107 Md. 642, 64 A. 439 place Maryland firmly with the majority of courts which hold that a party cannot impeach his own witness. All courts following the rule recognize a number of exceptions, 3 Wigmore *Evidence* § 901 *et seq.* (3rd Ed. 1940), *Parker v. State,* 227 Md. 468, 177 A. 2d 426, *Beck v. Sampson,* 158 Me. 502, 186 A. 2d 783, *Bruce v. State, supra,* and *Baltimore & O. RR. v. State, supra,* Md. Code Art. 35, § 9 (Rpl. Vol. 1965). One of the exceptions, followed in the majority of jurisdictions in which the problem has been considered, allows impeachment of one's own witness to show bias or hostility. See: *People v. Fleish,* 321 Mich. 443, 32 N. W. 2d 700, holding impeachment proper to show witness had an affair with the accused; *State v. Barry,* 93

---

1. 23 Md. L. Rev. 98, and 3 Wigmore *Evidence* § 900 *et seq.* (3rd Edition 1940), *Bruce v. State, supra.*

N. H. 10, 34 A. 2d 661, holding impeachment proper to show witness was married to a sister of a co-defendant; *State v. Sanborn,* 120 Me. 170, 113 A. 54 holding impeachment proper to show that witness had conversed with the accused; *Avery v. Howell,* 102 Kansas 527, 171 P. 628 permitted, in the discretion of the trial court, impeachment of witnesses called by all parties; contra: *People v. Jacobs,* 243 Ill. 580, 90 N. E. 1092 and *McLaughlin v. Los Angeles Ry,* 180 Cal. 527, 182 P. 44. See also Wigmore *Evidence,* § 901, n. 1. We think the majority rule is the sounder approach and we adopt it.

## V Motions for Mistrial

Barger complains that his motions for mistrial were not granted. One was based upon the admission of the evidence discussed under No. IV above. Since we have determined that the evidence was properly admitted we, of course, determine that the court was quite proper in denying the motion for mistrial based on the admission of such evidence. Barger contends further that since in *State v. Barger, supra,* The Court of Appeals of Maryland had ruled that he could not be tried again under a charge of first degree murder, that the State's questions to Mrs. Koch concerning the fact that she and Barger planned the murder of her husband were improper because such evidence relates only to a charge of murder in the first degree. The motions for a mistrial based on this ground should not have been granted. Although the question of murder in the first degree was not before the jury, we think the evidence was relevant because the jury did have to decide whether or not there was malice, which would make the offense murder in the second degree instead of manslaughter. *Tate v. State,* 236 Md. 312, 203 A. 2d 882. The evidence was also relevant on the question of whether or not the killing was in self-defense.

*Judgment affirmed, appellant to pay costs.*