WILLIAM ROLLINS HOLT a/k/a HERBERT LEE MAYES *v.* STATE OF MARYLAND

[No. 130, September Term, 1967.]

546 

*Decided April 4, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Paul J. Cockrell* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Joseph C. Howard, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

William Rollins Holt, also known as Herbert Lee Mayes, the appellant, was convicted of murder in the first degree in a jury trial in the Criminal Court of Baltimore. He was sentenced

to be confined for the term of his natural life. The conviction is based upon Section 410 of Article 27 of Md. Code which provides that murder committed in the perpetration of a robbery or an attempted robbery shall be murder in the first degree. The facts are set out fully in the companion case in the Court of Appeals of Maryland, *Cunningham v. State*, 247 Md. 404, 231 A. 2d 501; the evidence produced in the present case being substantially the same as that produced in the *Cunningham* case. Such facts as are necessary for this opinion are set out here-inafter.

Holt's first contention is that he was denied due process of law due to a "violation of the sanctity of the jury and the jury room." There is nothing in the record to support the appellant's contention and the matter was not presented to or ruled upon by the trial judge; therefore, under Maryland Rule 1085 there is nothing before us to review. We will discuss the matter, however, in view of the fact that the issue may be raised in a collateral attack on the judgment. It seems that an alternate juror was excused by the court and counsel, without Holt's personal knowledge, after the jury had been sworn because the juror informed the trial judge that he had personal knowledge concerning the case. He cites the case of *Young v. Lynch*, 194 Md. 68, 69 A. 2d 787 supposedly for the proposition that jurors should be disinterested. Inasmuch as the juror was excused prior to the taking of the testimony and did not in any way participate in the trial, it is difficult for us to see how Holt was in any way prejudiced by the action of the court and counsel.

In his second allegation, Holt contends that the testimony of one William Leonard Smith should have been excluded on the grounds that he was an accomplice and that his testimony was not corroborated and untrustworthy. It appears that Smith was the chief witness against Holt, and that he and others had participated in the plan of the robbery, but that Smith withdrew when he found that a loaded pistol was to be used therein. Assuming that Smith was an accomplice, there is no modern authority which would exclude his testimony. It is the rule, however, that such testimony must be corroborated. *O'Connor v. State*, 1 Md. App. 627, 232 A. 2d 551. In the present case, however, Smith's wife confirmed that Holt with two others

had been at her home immediately before and immediately after the hour of the robbery and that Cunningham changed his clothes and left a gun resembling the murder weapon with her husband. This is sufficient to identify Holt with the crime and to corroborate the testimony of an accomplice. *Kitt v. State,* 2 Md. App. 306, 234 A. 2d 621. In addition, Smith had informed police officials prior to the robbery that a robbery somewhere was about to take place and that he would keep them advised.

The third contention, like the first, is not supported by the record in this case, nor was it presented to the trial court for ruling, and is, therefore, not properly before us but to forestall a collateral attack on this ground, we will also discuss this issue. On cross-examination the witness, Smith, stated that he contacted the police at 9 o'clock the next morning after the robbery. On this question the specific testimony was as follows :

QUESTION : About 9 o'clock the next morning? Did you contact any police officer before 9 o'clock the next morning?
ANSWER : No.

In the record in the companion case of *Cunningham v. State, supra,* Holt alleges that Smith had testified that the police came to his house that night about 11 o'clock, and he told them that he would contact Sgt. Watkins later. Holt contends that the State should have been aware of this testimony, and its failure to correct the testimony in the present trial constituted knowingly withholding and suppressing evidence which could have changed the verdict. In the first place the testimony is not entirely inconsistent, since the specific question was "when did you contact the police" rather than when did the police contact you. In addition, it would seem to have no bearing on the guilt or innocence of Holt, whether Smith contacted the police at 11 o'clock at night or at 9 o'clock the next morning. Holt's counsel could have read the record in the Court of Appeals as well as the Assistant State's Attorney, who was trying the case. Minor discrepancies in testimony do not make it deliberately false or prejudicial. *Dyson v. State,* 226 Md. 18, 171 A. 2d 505, *cert. den.* 368 U. S. 968, 82 S. Ct. 443, 7 L. Ed. 2d 397, *McKenzie v. State,* 236 Md. 597, 204 A. 2d 678, *Cunningham v. State, supra.*

Holt next complains that in the cross-examination of two of the state's witnesses objections were sustained and testimony stricken out concerning the fact that the witness, Smith, was a drug addict. What testimony is allowed on cross-examination, is generally held to be within the discretion of the trial judge. *Barger v. State,* 2 Md. App. 565, 235 A. 2d 751. Here, Holt failed to call the witnesses as his own, and thus he is precluded from presenting this issue. *Harris v. State,* 203 Md. 165, 99 A. 2d 725. In addition there was other evidence from which this fact could have been inferred, and we find no abuse of discretion in the trial judge's action.

Holt next contends that it was error for the trial judge to correct his instructions after objection thereto had been made by the state. Originally the trial judge in his charge explained to the jury the various degrees of murder. After the State had excepted, he corrected his charge to explain to the jury felony murder. Not only is the objection novel and frivolous there was no objection below and the matter is not before us for review. See Maryland Rules 1085 and 756 g.

Holt next complains that his attorney's final argument to the jury was interrupted because one of the jurors had to go to the washroom. We will discuss this contention no further than saying that it is without merit.

Holt next alleges that he was entrapped by the police. The argument in support of this contention seems to be a repetition of Holt's second contention that Smith's testimony should not have been received nor believed because he was an accomplice. This was fully answered in discussing contention number 2 above. The evidence showed that Smith reported to the police about four days before the attempted robbery, that he knew of some people who were planning a robbery, and that he would keep the police informed. The morning after the crime had been committed, he did report the matter to Sgt. Watkins. We can see nothing remotely resembling entrapment. There is no evidence to suggest that the police officers or Smith, the informer, suggested the commission of the crime. See *Dolan v. State,* 1 Md. App. 292, 229 A. 2d 443, *Jarrett v. State,* 1 Md. App. 448, 230 A. 2d 683, *Gamble v. State,* 2 Md. App. 271, 234 A. 2d 158 and the cases therein cited.

Finally the appellant contends that there was an insufficiency of the evidence and that his motion for judgment of acquittal should have been granted. The *corpus delicti* was proven by the doctor's secretary who was with him at the time of his murder. Holt was identified as one of the perpetrators by Smith, the alleged accomplice, whose testimony was corroborated by his wife as well as, in certain aspects, by the police officers. This contention is also without merit.

*Judgment affirmed.*