## JOHN FRANKLIN WILLIAMS *v.* STATE OF MARYLAND

[No. 357, September Term, 1967.]

644

*Decided July 29, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Harvey A. Blum,* with whom were *Alan J. Bloom* and *David Kimmelman* on the brief, for appellant.

*Bernard L. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *E. Harrison Stone,*

*Assistant State's Attorney for Baltimore County,* on the brief,. for appellee.

Per Curiam.

On November 9, 1967, the appellant, John Franklin Williams,. was convicted by a jury of common law assault and resisting arrest, in the Circuit Court for Baltimore County, Judge John Grason Turnbull presiding. Appellant was sentenced to five years imprisonment under the Maryland Department of Correction on the assault conviction, with a general suspended sentence on the resisting arrest conviction.

Appellant raises three contentions on appeal:

1. That the trial court abused its discretion in not granting the appellant a change of venue from Baltimore County.
2. That the appellant's arrest was illegal.
3. That the State failed to prove the necessary mens rea to establish guilt.

The evidence adduced at the trial established that on January 15, 1967 Officer William Robinson of the Baltimore County Police responded to a call over his police radio reporting that a subject was observed with a knife at 40 North Twin Circle Way, Baltimore, Maryland. The report lacked a description of the subject and information that the knife was being used against another. Upon arrival at the aforenoted address,. Officer Robinson was admitted to the premises by Carole Ferrara. The officer observed blood on the kitchen floor and the appellant sitting at the kitchen table. Observing that the appellant's hand was cut, the officer volunteered to render first aid, to which appellant replied "[d]on't touch me, you bastard," accompanied by a shove. The appellant then jumped up and grabbed Carole Ferrara, pushing her backwards into the sink, grabbed a meat cleaver and threatened to kill the officer if he attempted to take him from the apartment. Officer Robinson advised the appellant that he had caused damage and had committed an assault in his presence and directed him to drop the meat cleaver. When the appellant failed to drop the cleaver, the officer drew his revolver and pointed it at him and warned him three times to drop the cleaver. Appellant dropped the

cleaver and was advised that he was under arrest. When the officer attempted to place handcuffs on the appellant, a scuffle arose, with both the officer and the appellant falling to the floor, during which the appellant kicked Officer Robinson.

Article 75, § 44 of the Maryland Code Annotated, makes it clear that before a removal will be ordered, the party suggesting same must "make it satisfactorily appear to the court that such suggestion is true (that he cannot have a fair and impartial trial) or that there is reasonable ground for same." *Dolan v. State,* 1 Md. App. 292, 296, 229 A. 2d 443, 445 (1967) ; *Mc-Laughlin v. State,* 3 Md. App. 515, 520, 240 A. 2d 298, 302 (1968). This language requires the "logical conclusion that in the absence of evidence to show that the court below acted arbitrarily and abused or refused to exercise the discretion given it by the amendment, this Court cannot say that the removal should or should not have been granted, and can only affirm the action of the lower court." *Downs v. State,* 111 Md. 241, 248, 73 Atl. 893, 895 (1909) ; *Dolan v. State, supra.*

The thrust of the appellant's contention is that since the victim of his alleged attack was a Baltimore County police officer, he could not be afforded a fair and impartial trial in Baltimore County. The trial court found that the appellant failed to maintain his burden of persuasion by establishing an affirmative showing that he had been prejudiced. We note that the trial judge entered voir dire inquiries directed at this issue in an apparent effort to remove even the remotest possibility of prejudicial sentiment from the trial. We find that the appellant's allegation fails to establish an affirmative showing of prejudice, and further find no abuse of discretion by the trial court.

Appellant's second contention is without merit. Officer Robinson was lawfully present at the situs of the crime based upon his voluntary admission to the premises by Carole Ferrara. This admission to the premises, when coupled with the police radio report to Officer Robinson "that a man inside the premises had a knife" and his observation, before entering, of "blood on the kitchen floor," which circumstances of themselves could warrant a man of reasonable caution to believe that a felony may have been committed within, lends additional justification for

the officer's presence. While thus lawfully present, Officer Robinson witnessed the appellant's assault upon Carole Ferrara and was personally assaulted by the appellant. Therefore, the arrest of the appellant was clearly legal as evidenced by the two misdemeanors committed in the presence of Officer Robinson. See *Speaks v. State,* 3 Md. App. 371, 239 A. 2d 600, 603 (1968); *Crosby v. State,* 2 Md. App. 578, 588, 236 A. 2d 33, 39 (1967); *Salmon v. State,* 2 Md. App. 513, 521, 522, 235 A. 2d 758, 763 (1967).

Appellant's third contention urges that the conviction must fail due to the State's failure to prove the prerequisite mens rea. The thrust of this contention is that the appellant's acts were directed toward the commission of his self-destruction and that he "did not intend to injure anyone but would not allow an interference with his attempt."

The concept of mens rea was ably defined by Judge Learned Hand in *United States v. Crimmins,* 123 F. 2d 271, 272 (1941), wherein he stated:

> "Ordinarily one is not guilty of a crime unless he is aware of the existence of all those facts which make his conduct criminal. That awareness is all that is meant by the mens rea, the 'criminal intent', necessary to guilt, as distinct from the additional specific intent required in certain instances (*Reynolds v. United States,* 98 U. S. 145, 167, 25 L. Ed. 244), and even this general intent is not always necessary."

The crime of common law assault is "an attempt by force to injure the person of another, and a battery is committed whenever the menaced violence of assault is done in the least degree. * * * Any attempt to apply the least force to the person of another constitutes an assault. The attempt is made whenever there is any action or conduct reasonably tending to create the apprehension in another, that the person engaged therein is about to apply such force to him. It is sufficient that there is an apparent intention to inflict a battery and an apparent ability to carry out such intention. * * * It is not necessary that there should be a specific purpose to do a particular injury. General malevolence or recklessness is sufficient; but mere negligence

does not suffice." Hochheimer, *Crimes and Criminal Procedure, Second Edition*, §§ 253, 254, 256.

In the instant case, the appellant's threatening gesture with the meat cleaver directed at Officer Robinson, plus his expressed intent to kill the officer if he approached closer and attempted to take him out of the apartment, adequately satisfied the corpus delicti of common law assault. The assault having taken place, it was not necessary to establish a specific purpose or intent to do a particular injury as the general malevolence was sufficiently evidenced.

We further note that there was fully sufficient evidence to sustain the conviction for resisting arrest, as charged in the second count.

*Judgments affirmed.*