## ROBERT E. KEMP v. STATE OF MARYLAND

[No. 233, September Term, 1968.]

*Decided April 1, 1969.*

*John C. Sullivan* for appellant.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Fred A. Thayer, State's Attorney for Garrett County,* on the brief, for appellee.

PER CURIAM.

Robert E. Kemp, the appellant, was convicted of violation of Sunday Sales beverage laws in the Circuit Court for Garrett County. Judge Harold E. Naughton presiding with a jury. He was fined $200. He contends that the trial judge abused his discretion in not granting a change of venue on the ground that Kemp could not receive a fair and impartial trial in Garrett County.

Kemp filed a petition for change of venue which was denied by Judge Harold E. Naughton on August 5, 1968. Kemp's petition did not give any reasons why the venue of his trial should be changed, but was a mere statement asking that the venue be changed because "he cannot receive a fair and impartial trial." In his brief, he states that he was not able to obtain a fair and impartial trial because there was a homicide in the tavern which he owned; and that as a result of this homicide there was much hostility expressed by the residents of Garrett County about the way he operated his business. When the trial judge offered to permit the introduction of evidence to support the claim Kemp declined to offer any evidence.

Maryland Constitution, Article IV, Section 8 provides in part as follows:

". . . in all cases of Presentments or indictments for offences, which are or may be punishable by death, pending in any of the courts of law in this State having jurisdiction thereof upon suggestion in writing under oath of either of the parties to said proceedings that such party cannot have a fair and impartial trial in the court in which the same may be pending, the said court shall order and direct the record of proceedings in such suit or action, issue presentment, or indictment, to be transmitted to some other court having jurisdiction in such case for trial, but in all other cases of presentment or indictment, pending in any of the Courts of law in this State having jurisdiction thereof, in addition to the suggestion in writing of either of the parties to such presentment or indictment that such party cannot have a fair and imparital [sic] trial in the court in which the same may be pending, it shall be necessary for the party making such suggestion to make it satisfactorily appear to the Court that such suggestion is true, or that there is reasonable ground for the same. . . ." [9A Md. Code at 149-50]

See also Md. Code, Art. 75, § 44, Maryland Rule 738.

Since there is a lack of evidence to show that the lower court acted arbitrarily and abused its discretion we cannot say that the removal should or should not have been granted and can therefore only affirm the action of the trial court, *Williams v. State,* 4 Md. App. 643, 244 A. 2d 619; *Dolan v. State,* 1 Md. App. 292, 296, 229 A. 2d 443.

Kemp, however, relies on *Jones v. State,* 185 Md. 481, 486, 45 A. 2d 350, 352, wherein it is stated:

"When, therefore, a suggestion that a party cannot have a fair and impartial trial, supported by affidavit, is filed in a court where a case is pending, it is the duty of the court to order a removal of the record to some ju-

risdiction where the jury will not be prejudiced. If it appears doubtful that the juries in a given circuit would be fair and impartial, the case should be removed to some other circuit or some other section of the State. Without rehearsing the allegations contained in the petition of the accused for a change of venue, it is sufficient to say it contains averments which, not being contradicted by the State, must be taken as true, and cast a grave doubt upon the question of whether the accused could have obtained a fair trial before a jury in Wicomico County."

Kemp contends that since the State did not traverse his allegation it must be taken as true. A reading of *Jones* shows that pertinent facts, related in the affidavit, were not denied by the State, and therefore accepted as true. The principle has no application where the affidavit states only the conclusion without stating the underlying facts. The only relief granted in *Jones* was a remand to give the State an opportunity to traverse the allegations and both parties the opportunity to produce evidence to support their positions. In the case at bar Kemp has already declined such an opportunity.

*Judgment affirmed. Appellant to pay costs.*