## PHILIP ASAY JEANDELL *v.* STATE OF MARYLAND

[No. 236, September Term, 1976.]

*Decided December 6, 1976.*

The cause was argued before THOMPSON, MOYLAN and LOWE, JJ.

*H. Michael Hickson, Assigned Public Defender*, for appellant.

*John A. Austin, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Floyd L. Parks, State's Attorney for Kent County,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

The appellant, Philip Asay Jeandell, was convicted in the Circuit Court for Kent County by a jury, presided over by Judge George B. Rasin, of breaking and entering a storehouse and related offenses. Upon this appeal, he raises the single contention that the evidence was not legally sufficient to permit the case to go to the jury. That sufficiency question, in turn, revolves around whether two State's witnesses, Albert Williams and Michael Bell, were accomplices and whether, if that be so, their testimony was corroborated.

In terms of *corpus delicti,* it was established that the Eastern Shore Auto Supply Store in Chestertown was broken into at some time over the weekend of Saturday-Sunday-Monday, October 4, 5 and 6, 1975. Merchandise was stolen therefrom. Ultimately the police picked up both Williams and Bell and interrogated them. They admitted their complicity in the breaking and the larceny and implicated the appellant as well. Their status as accomplices is without doubt.

As to the quality and nature of non-accomplice testimony sufficient to corroborate the testimony of accomplices, the law was well stated in *Foxwell v. State,* 13 Md. App. 37, at 39:

> "Although only slight corroboration is necessary, the corroborative testimony must tend either: (1) to identify the defendant with the perpetrators of the crime, or; (2) to show the defendant's participation in the crime itself. *Spies v. State,* 8 Md. App. 160, 162, 258 A. 2d 758."

See also *Early v. State,* 13 Md. App. 182, 186. In terms of arguable corroboration, there was no testimony tending to show the appellant's participation in the crime itself. At

most, the corroborating testimony tried "to identify the defendant with the perpetrators of the crime."

The only arguable corroboration came from Patricia Williams, the mother of one of the accomplices, and Cheryl Williams, the sister of that accomplice. Patricia Williams testified that she saw the appellant in the company of Williams and Bell at about 10:30 p.m. on Sunday evening, October 5, sitting on a porch of a house near her own residence on Cannon Street. Cheryl Williams testified that on that same evening of Sunday, October 5, she observed the appellant with Williams and Bell coming up Mill Street near Cannon Street. This was the sum total of the corroborative testimony.

The two accomplices, to be sure, had testified that they together with the appellant perpetrated the burglary and larceny over a period of several hours from roughly 9:30 p.m. to roughly 11:30 p.m. on that Sunday night of October 5 and that in the course of the breaking, they had to make several trips to the vicinity of Cannon Street, their home base, in order to get equipment.

It would be sufficient by way of corroboration for the State to show, by non-accomplice evidence, that the appellant was in the company of the perpetrators of the crime in the general vicinity of the crime scene and at about the time when the crime occurred. In *Wise v. State*, 8 Md. App. 61, we deemed corroboration sufficient when the non-accomplice testimony placed the defendant there in the company of the perpetrators at the scene of the crime and one hour before the crime occurred. In *Kitt v. State*, 2 Md. App. 306, the corroboration was sufficient which placed the defendant with the accomplice minutes after the robbery-murder in that case (but also in inculpatory possession of a gun). In *Ham v. State*, 7 Md. App. 474, the corroboration was held to be sufficient which placed the defendant together with the accomplice several hours after the robbery, but at the crime scene and in the vehicle used in the robbery. In *Holt v. State*, 3 Md. App. 544, the corroborating testimony was sufficient when the accomplice's wife placed the accomplice and the defendant in

that case together "immediately before and immediately after the hour of the robbery."

The difference between the appellant and the State in this case is not on the state of the law. Both agree that non-accomplice testimony identifying the appellant with the accomplices at approximately the time when the crime occurred would be sufficient corroboration. The difference between the appellant and the State in this case is not over the facts either. Both agree that two non-accomplices placed the appellant with the accomplices on Sunday evening, October 5 — Patricia Williams putting them together at about 10:30 p.m. and Cheryl Williams placing them together at approximately 11 p.m. The difference rather between the appellant and the State is over an elusive nuance of analysis. We need to keep distinctly in mind the difference between the accomplice testimony which needs corroboration, on the one hand, and the non-accomplice testimony which supplies the corroboration, on the other hand.

The thrust of the State's argument is that what is needed by way of corroboration is testimony placing the appellant in the company of the two accomplices, and thereby identifying him with the perpetrators of the crime, at or near 10:30 p.m. on October 5. If independent evidence had established that the crime had occurred during that several-hour period on Sunday evening, October 5, we think the corroborative testimony might well have been sufficient. The fallacy in the State's argument, however, is that it depends upon the testimony of the accomplices, which needs corroboration, for the establishment of the corroboration. We must ask which of the two following propositions is the object of corroboration:

(1) That the appellant was identified with the perpetrators at approximately 10:30 p.m. on Sunday night, October 5; or

(2) That the appellant was identified with the perpetrators at approximately the time when the crime occurred. In terms of independent inculpatory significance, it is quite obviously the latter of the two propositions that is material. The State would argue, however, that in this case

the two are identical — that to have established the first proposition by non-accomplice testimony is, *ipso facto*, to have established the second. The State's argument, however, is an instance of the accomplice testimony pulling itself up by its own bootstraps — of the accomplice testimony being used in part to corroborate itself. The heart of the matter is that only the accomplice testimony itself serves to equate "10:30 p.m. on that Sunday evening" with "approximately the time when the crime occurred."

The thing rather that must be established by independent, corroborating evidence is not the identifying of the appellant with the accomplices at roughly 10:30 p.m. on Sunday night but the identifying of the appellant with the accomplices at or near the time of the crime. That must be done independent of the accomplice testimony.

In terms of ascertaining the time when the crime occurred, the non-accomplice testimony gives us a range of almost 42 hours. Mr. Hickman, the store owner, testified that he closed his place of business, after having secured the doors and windows, at noon on Saturday, October 4. He was notified by the police of the breaking and entering and returned to his store at between 5:30 and 6 a.m. on Monday morning, October 6. A fuller presentation of evidence by the State — the officer who walked the beat on Saturday and Sunday and the officer who first observed evidence of breaking in the early morning hours of Monday — might well have closed this gap significantly. On the face of the record, however, that 42-hour gap was not closed. All, therefore, that the corroborating testimony did was place the appellant in the company of the accomplices at a time which could have been as much as $34^1/_2$ hours removed from the time of the perpetration of the crime (measured from noon on October 4 to 10:30 p.m. on October 5).

All the non-accomplice testimony could supply, in and of itself, by way of corroboration was that the appellant was observed with the perpetrators some blocks from the scene of the crime within a period no more than $34^1/_2$ hours from the time when the crime was perpetrated. That is clearly not

sufficient by way of corroboration. We feel here as we did in *Foxwell v. State, supra,* at 40-41:

"While it is true that sufficient corroboration may be found in a showing that appellant was in the company of the perpetrators at the scene of the crime one hour before the crime, *Wise v. State,* 8 Md. App. 61, 258 A. 2d 55, there is no such evidence in this case. The admitted conversation by appellant with Perry occurred several hours earlier and eight blocks from the scene. Although this testimony places appellant and Perry together, the placement is too remote in time and place from the commission of the crime to be adequate corroboration under all the circumstances."

*Judgments reversed; case remanded for a new trial.*
*Costs to be paid by Kent County.*