**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3501-21

CARSON PACKER,

    Plaintiff-Respondent,

v.

ROSELINE ESTELLE KONE,

    Defendant-Appellant.

_____

Submitted October 10, 2023 – Decided November 15, 2023

Before Judges Berdote Byrne and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Hudson County, Law Division, Docket No. SC-000282-21.

Roseline Estelle Kone, appellant pro se.

Carson Packer, respondent pro se.

PER CURIAM

    Defendant appeals the Law Division's Special Civil Part's order entering judgment against her after a bench trial, awarding plaintiff $4,618 plus court

costs. The trial court found the deductions defendant made from plaintiff's security deposit were wrongfully retained and defendant was liable for double the amount withheld pursuant to N.J.S.A. 46:8-21.1. We find no reason to disturb the trial court's findings and affirm.

I.

We glean the following facts from the record: On September 1, 2019, plaintiff entered into a twelve-month lease with defendant for the property located in Jersey City, New Jersey, and provided $4,275 as a security deposit. The lease permitted defendant to deduct any costs resulting from noncompliance with the lease's terms. Both the lease and New Jersey law required defendant to return the security deposit within thirty days after the end of the lease's term, plus undistributed interest, minus any charges incurred by defendant for damage to the property.

The lease precluded plaintiff from altering or changing the premises without defendant's written permission. It stated plaintiff "shall repair all walls and ceilings which had pictures or fixtures attached, prior to vacating." "The [premises] shall be in substantially the same condition at the end of the [lease] as it was at the beginning of the [lease], reasonable wear and tear excepted."

Plaintiff asked defendant if he could hang items on the premises' walls, such as a wall clock, on the condition he would remediate any damages to the walls. Defendant permitted plaintiff to hang items from the walls if he returned the walls to their initial condition and removed any nails, filled any holes, and repainted, if necessary. At the end of the lease, plaintiff removed all the items hung on the walls, patched the holes, and then sanded over the patches.

Within thirty days after plaintiff vacated the premises at the end of the lease, defendant provided an itemized deduction of plaintiff's security deposit, retained $2,309, and returned the remaining $1,966 to plaintiff. Defendant deducted $1,150 for wall repairs and painting, $598.17 for drain cleaning, $160.49 to repair blinds in the living room and master bedroom, $282.56 for house cleaning, and $117.77 to repair the light in the master bathroom.

Plaintiff filed a complaint for the return of the remainder of his security deposit, $2,309, and the statutorily prescribed double damages. At trial, plaintiff testified he left the premises in a reasonable state, except for ordinary wear and tear. He painted and spackled the walls except for the bedroom, where he was only able to spackle and sand because defendant failed to provide him with the specific paint color. Plaintiff corroborated his testimony with photographs introduced into evidence.

3

Defendant testified her deductions were underinclusive of the charges she incurred to remediate the premises and she charged plaintiff only one third of the total costs. She claimed plaintiff's efforts to remediate the premises made it worse and she incurred approximately $2,700 in expenses to hire an outside company to remediate the walls, but only charged plaintiff $1,150. Defendant also contended she never asked plaintiff to fix the premises, and thus, plaintiff's efforts to remediate were evidence the damages exceeded normal wear and tear. Concerning holes plaintiff made to hang items, defendant asserted because plaintiff chose to hang items larger than what could be held with a small nail or thumbtack, the damage could not constitute normal wear and tear.

In addition to the disputed quality of the spackling, sanding, and painting, defendant argued a bevy of other conditions justified the deductions made from plaintiff's security deposit. Specifically, a dirty shower door, the presence of hair in the shower, a dirty dryer, a cleaning fee, and a clogged sewer pipe. Plaintiff testified the property had perpetual plumbing issues involving the main line, which was one of the main reasons he decided to find another residence.

After hearing all the testimony, the trial court found defendant wrongfully retained the disputed amount of plaintiff's security deposit. The court held plaintiff did not have a legal obligation to paint and spackle, and the disputed

damages constituted ordinary wear and tear.  The dispute over the painting, spackling, and sanding were disagreements over "imperfections," and defendant's dissatisfaction with plaintiff's remediation was insufficient to warrant the deductions for repainting.  The court also rejected defendant's argument plaintiff was limited to hanging objects only with thumbtacks.

The court found plaintiff's testimony more credible than defendant's testimony.  Defendant's only evidence to establish plaintiff's responsibility for the bathroom clog was a picture of a rag on the floor.  The trial court found the picture, without more, insufficient to establish plaintiff responsible for the rag in the sewage pipe.  The trial court concluded defendant was liable for wrongfully withholding $2,309 of plaintiff's security deposit and awarded plaintiff $4,618 plus court costs.  This appeal followed.

## II.

Defendant argues the trial court erred in (1) finding the damage at issue constituted normal wear and tear, and (2) doubling plaintiffs award pursuant to N.J.S.A. 46:8-21.1.  Our review of non-jury trials is limited.  Reilly v. Weiss, 406 N.J. Super. 71, 77 (App. Div. 2009).  The trial court's findings of fact are afforded deference if supported by "adequate, substantial and credible evidence."  Zaman v. Felton, 219 N.J. 199, 215 (2014) (quoting Toll Bros., Inc.

5

v. Township of West Windsor, 173 N.J. 502, 549 (2002)). On appeal, we are not to weigh the evidence, assess credibility, or make any conclusions about evidence presented. Reilly, 406 N.J. Super. at 77 (quoting Mountain Hill L.L.C. v. Township of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008)). "[W]hen a reviewing court concludes there is satisfactory evidentiary support for the trial court's findings, its task is complete and it should not disturb the result.'" Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015) (quoting Beck v. Beck, 86 N.J. 480, 496 (1981)).

We give no deference to a trial court's interpretation of law, which is subject to plenary review. Llewelyn v. Shewchuk, 440 N.J. Super. 207, 214 (App. Div. 2015). Because leases are contracts, Town of Kearny v. Disc. City of Old Bridge, Inc., 205 N.J. 386, 316 (2011), we review interpretation of the lease de novo, Kieffer v. Best Buy, 205 N.J. 213, 222 (2011). Leases should be enforced as written, barring some contravening public policy. 175 Exec. House, L.L.C. v. Miles, 449 N.J. Super. 197, 202 (App. Div. 2017) (quoting Hous. Auth. & Urban Redevelopment Agency of Atl. City v. Taylor, 171 N.J. 580, 586 (2002)). Any ambiguities should be construed against the drafter. Roach v. BM Motoring, LLC, 228 N.J. 163, 174 (2017). Where a former tenant brings a claim pursuant to N.J.S.A. 46:8-21.1, the burden is on the landlord to prove

entitlement to all or some of the security deposit.  <u>Hale v. Farrakhan</u>, 390 N.J. Super. 335, 341 (App. Div. 2007); <u>Veliz v. Meehan</u>, 258 N.J. Super. 1, 5 (App. Div. 1992).

Defendant contends the trial court made errors of both law and fact. According to defendant, plaintiff was obligated to return the premises' walls to their initial condition.  Defendant claims the trial court rewrote the lease to void plaintiff's contractual responsibilities.  Defendant also argues the trial court erred in finding "half painted, unpainted, uneven spackled walls" constitute ordinary wear and tear.  Lastly, defendant maintains the court erred in finding plaintiff not responsible for the clogged toilet and absolving him of that deduction.

Defendant's arguments are belied by the record and the trial court's detailed findings of fact and credibility.  Our review of the lease, the evidence admitted at trial, and the parties' testimony demonstrates sufficient evidentiary support for the trial court's order.  As noted by the trial court, defendant failed to sustain her burden to justify the retained portion of the security deposit.

The notion of "reasonable wear and tear" cannot have meaning without reference to the "nature, quality, and the condition" of the premises when the lease was executed.  <u>Braem v. Wash. Piece Dye Works</u>, 100 N.J.L. 209, 210-11

(Sup. Ct. 1924); Restatement (Second) of Property, § 12.2(1) (Am. L. Inst. 1965). A tenant is permitted to make physical changes to leased property reasonably necessary for use under the circumstances, subject to any valid agreement otherwise. Braem, 100 N.J.L. at 210-11; Restatement (Second) of Property, § 12.2(1).

Defendant gave plaintiff permission to paint the walls and provided the paint, except for the bedroom. Moreover, the lease, by its very terms, did not require plaintiff to return the premises to its initial condition. The premises were to be returned to defendant in "substantially the same condition" as when the lease began. The trial court found plaintiff complied with that lease term.

The trial court's findings are adequately supported by the record. The trial court found the work plaintiff performed was adequate and the premises were returned to defendant in substantially the same condition, except for reasonable wear and tear. The court found plaintiff painted and spackled where needed. Defendant's remediation work did not rise above the level of ordinary wear and tear but were only "imperfections." The burden was on defendant to prove she was entitled to retain those portions of plaintiff's security deposit, Hale, 390 N.J. Super. at 341, and she failed to carry this burden. Indeed, defendant does not present any evidence in the record to contravene the trial court's findings.

A-3501-21

Defendant also argues she complied with the statutory requirements of the Rent Security Deposit Act (RSDA), N.J.S.A. 46:8-19 to -26, because her deductions were reasonable, and she complied with the statutory accounting requirements. According to defendant, the trial court erred in doubling plaintiff's recovery because no statutory violation occurred. As noted by the trial court, imposition of double damages is statutorily mandated regardless of a landlord's compliance with the statute's notice and accounting requirements. The statute is designed to protect residential tenants' security deposits. Kravitz v. Murphy, 468 N.J. Super. 592, 610 (App. Div. 2021). Within thirty days of a lease's termination, a landowner must return a tenant's security deposit "plus the tenant's portion of the interest or earnings accumulated thereon, less any charges expended in accordance with the terms of . . . the lease." N.J.S.A. 46:8-21.1. Any deductions are to be itemized and notice provided thereof. "In an action by a tenant . . . for the return of the moneys due under this section, the court upon finding for the tenant . . . shall award recovery of double the amount of said moneys, together with full costs of any action" and legal fees if the court so decides. Only the amount wrongfully withheld is subject to double recovery. Reilly, 406 N.J. Super. at 80 (quoting Penbara v. Straczynski, 347 N.J. Super. 155, 160 (App. Div. 2002)). The double recovery is statutorily mandated. Kang

9

In Yi v. Re/Max Fortune Props., Inc., 338 N.J. Super. 534, 538 (App. Div. 2001); N.J.S.A. 46:8-21.1. A landlord who timely provides an itemized notification of deductions is nevertheless subject to the double recovery if the court determines the withholding was wrongful. Hale, 390 N.J. Super. at 344.

The trial court found all the deductions defendant made to plaintiff's security deposit were wrongfully withheld from plaintiff. Although defendant did return a portion of plaintiff's deposit within the thirty-day period and provided the requisite notice and accounting, the wrongfully withheld portion was properly doubled pursuant to N.J.S.A. 46:8-21.1.

The trial court appropriately applied the law, its factual findings were based on substantial credible evidence in the record, and adequately support the judgment. Accordingly, we discern no basis to disturb the judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10