## WALKER v. STATE

[No. 20, September Term, 1965.]

*Decided April 28, 1966.*

The cause was submitted on the brief to HAMMOND, HOR-NEY, MARBURY and OPPENHEIMER, JJ., and KEATING, J., Associate Judge of the Second Judicial Circuit, specially assigned.

Submitted by *Norman E. Burke* for appellant.

Submitted by *Thomas B. Finan, Attorney General, Carville M. Downes, Assistant Attorney General, Charles E. Moylan, Jr.* and *Edward G. Wyatt, State's Attorney* and *Assistant States' Attorney,* respectively, *of Baltimore City,* for appellee.

PER CURIAM.

That an electrical appliance store in Baltimore City had been broken into and six portable televisions, two radios and a tape recorder were removed therefrom, that the appellant had approached a stall attendant at the Lexington Market and asked him if he could "get a sale" for a television (subsequently identified as one of those that had been stolen), and that the stall attendant had taken possession of the television and sold it to a fellow employee and gave all of the money received therefor

to the appellant are facts which are neither disputed nor denied.

The primary contention of the appellant (who was convicted of larceny but was found not guilty of the other charges, including receiving stolen goods, under a burglary indictment) is that his conviction of larceny was not warranted because the stall attendant was an accomplice and, other than his testimony, there was insufficient evidence to support the finding that he (the appellant) had stolen the television. We think otherwise. The settled law in this State is that for a person to be an accomplice it must be shown that he knowingly, voluntarily and with common interest with the defendant, participated in the crime either as a principal or as an accessory before the fact. *Fabian v. State*, 235 Md. 306; *Lucchesi v. State*, 232 Md. 465. There was no such showing. Although the stall attendant (who had not been indicted) admitted that he had physically received the stolen television from the thief, he denied knowing that it was stolen and that he had participated in any of the offenses with which the appellant was charged. Moreover, there was no evidence that he had participated in the theft as a principal or that he had instigated or encouraged the commission of the larceny.

The only other contention—included in the brief on instructions from the appellant but not raised below—that trial counsel was incompetent, is not supported by the record. On the contrary, the record indicates that counsel actively participated in the defense of the accused at every stage of the proceeding. Certainly, what counsel is now charged with having done or left undone did not make the representation so inadequate as to deprive the accused of his constitutional rights.

*Judgment affirmed.*