# RAY EDWARD BRIGHT *v.* STATE OF MARYLAND

[No. 265, Initial Term, 1967.]

*Decided August 22, 1967.*

The cause was submitted to ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and O'DONNELL, J., Associate Judge of the Eighth Judicial Circuit, specially assigned.

*Frank C. Sherrard* for appellant.

*James R. Klein, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William P. Fennell, State's Attorney for Kent County,* and *Julius A. Jodlbauer, Assistant State's Attorney for Cecil County,* on the brief, for appellee.

PER CURIAM.

The appellant was convicted of unauthorized use of a 1966 Oldsmobile in violation of Article 27, Section 349 of the Code by a jury in the Circuit Court of Kent County on November 14, 1966. He was sentenced to serve two years in the Maryland House of Correction in Hagerstown.

On appeal, the appellant contends that (a) there was insufficient corroboration of the testimony of the appellant's accomplices to support the jury's verdict and (b) that the court should have granted the appellant's motion for a continuance.

Robert McCoin, one of the accomplices, testified that on Friday, February 18, 1966, he and the other accomplice, Robert Barben, picked up the appellant at his place of employment at approximately 11:30 p.m. in a Pontiac automobile (which McCoin and Barben had previously stolen); that the three of them abandoned this car and all agreed to get another car; that the second car, the Oldsmobile, was stolen by them between 4:30 and 5:00 a.m. on Saturday morning; that each of them drove the Oldsmobile and that the three of them drove around all day and evening until shortly after midnight (early Sunday morning) when the car was involved in an accident which resulted in the death of three innocent persons. He also testified that immediately prior to the accident, they were being chased by a police car that had unsuccessfully tried to stop them in the town

of Rising Sun. Barben, the other accomplice, testified that he and McCoin picked up the appellant in an automobile that they had taken from an auto dealer's lot, that this automobile was abandoned, that the three of them went to another dealer's lot to get another car, and that all three of them drove the second car. He testified that they arrived in Rising Sun around 11:00 p.m. on Saturday; that they were chased by the police and that the chase ended in an accident. Barben also testified that the appellant had asked him if the Pontiac was stolen and that he replied that it was (although McCoin testified that they didn't talk about the ownership of the Pontiac).

The record is replete with corroboration of those elements of the accomplices' testimony necessary to sustain the appellant's conviction. The appellant himself testified that he had driven both the Pontiac and the Oldsmobile. Furthermore, he testified that at one time he asked Barben whether or not the Pontiac was stolen. His own testimony also corroborates the testimony of McCoin and Barben that they stopped in Rising Sun, fled at the sight of the police car and were subsequently involved in an accident (McCoin and the appellant claimed that Barben was the driver at the time of the accident, but Barben testified that the appellant was the driver). Mr. David T. Williams testified that a Pontiac GTO was stolen from his automobile agency sometime between 9:00 p.m. on Friday, February 18, 1966, and 8:30 a.m. the following morning, at which time he was informed by the Sheriff of Cecil County that the automobile had been recovered. Mr. Franklin T. Williams, the owner of another automobile agency, testified that a 1966 Oldsmobile was stolen from his company between 9:00 p.m. on Friday, February 18, 1966, and 8:00 a.m. the following morning. Melvin Culver, a witness for the defense who was employed at the diner where the appellant worked, testified that he saw the appellant get into a blue GTO Pontiac with two other boys between 11:20 and 11:30 p.m. on Friday night and saw him leave the diner with the same two boys in a green Oldsmobile between 11:20 and 11:30 p.m. on Saturday night.[1] Officer Cather

---

1. The appellant returned to the diner sometime after twelve noon Saturday and apparently remained there until he was picked up again by Barben and McCoin later that evening.

of the Rising Sun Police Department testified that he chased the speeding 1966 Oldsmobile and saw that there were three occupants in the car. He was able to recognize only the driver, Barben. Trooper Kennedy of the Maryland State Police, who investigated the accident, testified that the appellant was an occupant in the wrecked Oldsmobile.

In Maryland the uncorroborated testimony of an accomplice, standing alone, is not sufficient to sustain a conviction. *McDowell v. State,* 231 Md. 205, 211. The Court of Appeals has stated that not much in the way of corroboration is needed and that the corroborative evidence by itself need not be sufficient to convict, but it must support the testimony of the accomplice as to some of the material facts tending to show that the accused was either identified with the perpetrators of the crime or had participated in the commission of the crime itself. *Wright v. State,* 219 Md. 643, cert. den. 361 U. S. 851; *McDowell v. State, supra; Forrester v. State,* 224 Md. 337; *Luery v. State,* 116 Md. 284 (development of the rule). See also *DeHart v. State,* 227 Md. 239. It is, of course, not necessary that corroboration extend to every detail of the accomplice's testimony, *McDowell v. State, supra.* As the foregoing summary of the testimony clearly demonstrates, many material facts testified to by the accomplices and tending to prove the guilt of the appellant, were corroborated by other witnesses. That the two cars were stolen, that the appellant was an occupant in each car in the company of the two accomplices, and by his own testimony, that he operated each car, are such materially corroborated facts, and they positively show that the appellant was identified in the company of the perpetrators of the crime and that he participated in the crime of unauthorized use of an automobile. Although there were several inconsistencies in the testimony of the two accomplices, these create issues of credibility properly to be determined by the jury.

The appellant's second contention — that the lower court abused its discretion in not granting the appellant's motion for continuance—is without merit. The motion was made at a pretrial conference held immediately prior to the trial, the basis for the motion being the alleged absence of certain out-of-state witnesses. Appellant's privately retained counsel stated at the

pre-trial conference that approximately one month before the date set for the trial he informed the appellant that forty dollars would be needed to summon the out-of-state witnesses whom he described as important material witnesses "to establish an alibi"; that counsel did not receive the money until the Monday preceding the date of the trial; and that the trial was the following Monday, and as two legal holidays, Election Day and Veterans' Day, fell during the intervening week, counsel decided that there would not be enough time to summon the out-of-state witnesses.

It is, of course, elementary that the granting of a continuance is within the sound discretion of the trial court. *Johnson v. State*, 237 Md. 283; *McKenzie v. State*, 236 Md. 597. Appellant's counsel did not satisfactorily explain to the court why there was not sufficient time to file a motion for continuance before the day of the trial. His appearance had been entered on April 22, 1966 and it would thus appear that he had ample time both to prepare the case and to forewarn the trial court that difficulty was being experienced in securing certain of the out-of-state witnesses. Under similar facts, the Court of Appeals, in *Johnson v. State, supra*, found no abuse of discretion by the trial court in denying a motion for continuance based, *inter alia*, on the alleged absence of witnesses material to the accused's defense. And while the record shows that appellant personally made some effort to contact the missing witnesses before trial, there was no real effort made to subpoena them or to inform the State of the appellant's inability to be assured of their presence at trial. In *Bryant v. State*, 232 Md. 20, the court, in upholding the trial court's refusal to grant a postponement, placed special emphasis on counsel's failure to subpoena the absent witness, and, as additional reasons for its conclusion, stated:

> "* * * Other than a statement that the witness was an important one, the court was not informed of his name or what facts the defendant believed the witness would prove if present. Nor was it shown that there was a reasonable expectation that the witness could be procured within a reasonable time; that his evidence was competent and material; and that the case could not be fairly tried without it. * * *"

We find the reasoning in *Bryant* to have clear application to the facts of this case. See also *McKenzie v. State, supra,* at page 601, where the court stated that there was no basis shown for a continuance to locate missing witnesses where the accused "did not make any proffer regarding the materiality of their testimony, their names or their availability." Under the circumstances of this case, we hold that the lower court did not abuse its discretion in denying the requested continuance.

*Judgment affirmed.*