JAMES EDWARD LEONARD BURLEY, JR.
*v.* STATE OF MARYLAND

[No. 107, September Term, 1968.]

470

*Decided November 20, 1968.*

The cause was argued before MURPHY, C.J., and ANDER-
SON, MORTON, ORTH, and THOMPSON, JJ.

*Joseph G. Koutz* for appellant.

*Donald Needle, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City*, and *Peter G. Ward, Assisant State's Attorney for Baltimore City*, on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

## THE DETERMINATION OF THE COMPLICITY OF A WITNESS

An accomplice is one who knowingly, voluntarily, and with common criminal intent with the principal offender, unites with him in the commission of the crime either as a principal or as an accessory before the fact. *Watson v. State*, 208 Md. 210.[1] An accomplice is a competent witness; his testimony is admissible even though he has been found guilty, confessed his guilt or testifies under a promise of immunity. See *Kitt v. State*, 2 Md. App. 306. His credibility and the weight to be given his testimony is a matter for the trier of fact as with other witnesses. But "(i)t is a firmly established rule in this State that a person accused of crime may not be convicted on the uncorroborated testimony of an accomplice." *Watson v. State, supra*, at 217. There must be corroborative evidence supporting the testimony of the accomplice as to some of the material facts, tending to show that the accused was either identified with the perpetrators of the crime or had participated in the commission of the crime itself. *Boone v. State*, 3 Md. App. 11, 19-20. It therefore becomes material whether, in a particular case, a witness is an accomplice and, if so, whether there was sufficient corroboration. The generally accepted test as to whether a witness is an accomplice is whether he himself could have been convicted for the offense, either as principal or accessory before the fact.[2] 2 Wharton's

---

1. For a discussion of principals and accessories see *Agresti v. State*, 2 Md. App. 278. An accessory after the fact is not an accomplice. *Watson v. State, supra*, at 220.

2. The test is variously stated. "The test for determining whether a person is an accomplice of a defendant charged with a felony is whether he could be *indicted and punished* for the crime charged

*Criminal Evidence* (12th Ed. Anderson) § 448, p. 230. The fact that a witness is an accomplice must be shown by proof, like any other fact, but the burden of proving that a witness is an accomplice is on the defendant who asserts it. *Campbell v. State,* 221 Md. 80, 85; *Lusby v. State,* 217 Md. 191, 201. All competent evidence tending to connect the witness with the commission of the crime in such a manner as to constitute him an accomplice is admissible to prove that fact, including the testimony of the accused. 23 C.J.S., *Criminal Law,* § 796, pp. 18-19. In the absence of statutory provisions (there are none in Maryland) it is generally accepted that only a preponderance of the evidence is necessary to prove that a witness for the prosecution is an accomplice; it is not necessary to prove that fact beyond a reasonable doubt to invoke the rule requiring corroboration. When the evidence relating to whether or not a witness is an accomplice is capable of being determined either way

---

against the defendant." *Watson v. State, supra,* at 217. *Watson* cites *People v. Konkowski,* 378 Ill. 616, which states that the test of whether a witness is an accomplice is "whether he himself could have been *indicted* for the offense, either as principal or accessory," and *People v. Walker,* 88 Cal. App. 2d 265, which says that "accomplice" includes all persons *"liable to prosecution* for the identical offense charged against the defendant." In 53 ALR 2d, § 4, p. 822 the test is said to be whether the witness himself *"could have been indicted* for the offense with which the defendant is charged." The phrase *"prosecuted and punished* for the crime with which the accused is charged" is used in stating the test in 23 C.J.S. *Criminal Law,* § 786 (1), p. 3. It is said in 32 Am. Jur., *Larceny,* § 51, p. 951, "[I]t is usually held, conceded or assumed that persons whose connection with a larceny is such that they *may be prosecuted* as principals, or as accessories before the fact, are accomplices." (emphasis in each instance supplied) But whether the words "indicted and punished" or "indicted" or "liable to prosecution" or "prosecuted and punished" or "may be prosecuted" or "could have been indicted" are used in stating the test, we think it is inherent that if a person could have been "convicted" of the offense of which the defendant is charged, either as a principal or as an accessory before the fact, he is an accomplice of that defendant. And we said in *Grimes v. State,* 4 Md. App. 607, 609, "The test to determine whether or not a witness is an accomplice is whether he himself could have been indicted and convicted for the offense either as a principal or as an accessory before the fact."

and justifies different inferences in respect thereto, the question is for the determination of the trier of fact and in a jury case should be submitted to the jury with proper instructions. 2 Wharton's *Criminal Evidence, supra,* § 446, pp. 225-226. See cases cited in 23 C.J.S., *Criminal Law,* § 796c, p. 20, notes 31-34. So when a witness connected with the crime committed testifies to facts exculpating him or by his testimony endeavors to show his innocent intention or denies criminal complicity, his relation to the crime becomes a question for the determination of the trier of fact.[3] Therefore, our function on appellate review, when the question is properly before us, is a matter of the sufficiency of the evidence. In a case tried by the court sitting as a jury, we determine whether the court was clearly wrong in its judgment on the evidence, Md. Rule 1086; in a case tried by a jury, we determine whether the court erred in submitting the evidence to the jury, Md. Rule 755. Cases in this jurisdiction support what we have said as to the determination of the complicity of a witness and as to our function on appeal. In *Watson v. State, supra,* a case tried by the court, where the contention was that the witness was an accomplice and that her testimony was not corroborated, the Court of Appeals, upholding the finding of the lower court, found that the evidence was not sufficient to prove that the witness was a principal or accessory before the fact and thus not an accomplice, citing Rule 7(c), now Rule 1086.[4] In *Lusby v. State, supra,* the Court held that there was no proof that the witness was an accomplice. It is clear that the rationale of the opinion was that there was sufficient evidence from which the jury could find that the participation of the witness in the crime was not voluntary; therefore she could not have been convicted of the offense of which the defendant was charged. See *Saldiveri v. State,* 217 Md. 412, 420. In *Jefferson v. State,* 218 Md. 397, a trial by the court, the Court thought there was evidence that would support a

---

3. See *Ripley v. State,* 189 Tenn. 681, 227 S.W.2d 26; *Anderson v. State,* 98 Tex. Cr.449, 266 S. W. 159; *Clark v. State,* 159 Tex. Cr. 187, 261 S.W.2d 339, cert. den. 346 U. S. 855, rehearing den. 346 U. S. 905.

4. It said that even if its decision were otherwise, there was ample corroborative evidence. 208 Md. at 221.

finding that the prosecuting witness was not an accomplice, and held that the verdict was not clearly erroneous.[5] In *Campbell v. State, supra*, the defendant, convicted by the court, contended on appeal that a witness was an accomplice and that her testimony could not be used to corroborate the testimony of an accomplice who had pleaded guilty to the crime. The Court noted that the point had not been raised below or in brief but was suggested in argument on appeal. Stating that the burden of proving a witness is an accomplice is on the defendant who asserts it, the Court found that not only did the defendant not attempt to prove that the witness was an accomplice but his testimony and the testimony of the accomplice showed otherwise and it said that the State had never sought to charge her with the crime but specifically conceded she was not a participant.[6] In *Harriday v. State*, 228 Md. 593, a court trial, the trial court found on the evidence before it that the sole witness to a larceny was a receiver of the stolen goods and therefore not an accomplice. The Court of Appeals found that the lower court was clearly erroneous in that the evidence was sufficient to show that the witness aided and abetted in the commission of the larceny and thus came within the definition of accomplice.[7] It reversed the judgment as to one defendant because the conviction was based on the uncorroborated testimony of the ac-

---

5. The judgment was reversed on other grounds.

6. The mere fact that one is indicted or charged with a crime in connection with another does not make such a one an accomplice. 2 Wharton's *Criminal Evidence, supra*, § 446, p. 226. And it has been held that the fact that a witness was tried for the crime and acquitted or that the grand jury exonerated a witness when it passed on his connection with the crime, is not admissible to show that he was not an accomplice; but evidence that a witness pleaded guilty or was convicted of the crime is admissible to show he was an accomplice. 23 C.J.S. *Criminal Law*, § 796, p. 19.

7. The Court said, at 596-597, that even if the witness "could not be considered a principal in the crime, * * * he comes within the definition of an aider * * *." We think it clear that the Court meant that he could not be considered a principal in the first degree or the principal perpetrator of the crime. An aider or abettor is a principal in the second degree and thus within the definition of an accomplice as stated *supra* in this opinion. See *Coleman v. State*, 209 Md. 379, 384-385; *Agresti v. State, supra*, 280.

complice but affirmed the judgment as to another defendant because the *corpus delicti* and his criminal agency were proved independently of the accomplice's testimony. In *Grimes v. State,* 4 Md. App. 607, it was contended that a witness was an accomplice of the defendant in a grand larceny as the evidence showed the witness was in possession of recently stolen goods and the inference was that he was also the thief. We rejected the contention on the ground that the witness had an explanation for the possession which the trial court believed. We said that therefore we must hold that the explanation was reasonable, citing Md. Rule 1086, and as the possession of the recently stolen goods was reasonably explained, there was no inference under the rule. In *Johnson v. State,* 4 Md. App. 648 we found that the jury, from the evidence before it, could properly find that a witness was not an accomplice and therefore his testimony did not have to be corroborated.

## THE INSTANT CASE

The appellant here was convicted of grand larceny by the Criminal Court of Baltimore and sentenced to 3 years. It is not disputed that the *corpus delicti* of the crime was proved. A large number of articles were stolen from the apartment of Samuel Smith. He reported the theft to his landlord. The next evening his landlord came to the apartment with his nephew Joseph Bell and Bell gave Smith a pair of cuff links and two pair of pants that had been stolen. Bell testified that he had obtained the articles from the appellant, who came up while Bell was sitting in front of his house. The appellant gave Bell the cuff links but indicated he would pick the pants up later. A record player and two sweaters, which had been stolen from Smith, were recovered from Ethel Parker. She testified that on the day of the larceny she was sitting on the front steps of her home "with a gang of people" when the appellant came down the street "with a hand full of articles * * * about twenty albums, soap, pants, record player, fan * * * He asked did anybody want to buy anything." She bought the fan and the record player and also obtained two sweaters for which she was going to pay him later. The police recovered the record player and sweaters from her about five days after the theft. She had given the

fan to her sister and the police recovered that item from the sister. There was no evidence as to the amount she had paid for the articles. On cross-examination she said she learned that Smith's apartment had been "burglarized" the day before the police came. About a week after the theft the police obtained an arrest warrant for the appellant on information received from Bell and Ethel Parker.

The appellant, testifying in his own behalf, denied that he had "burglarized" Smith's apartment, denied that he had stolen the articles, denied that he gave the cuff links and pants to Bell or that he ever had possession of them and denied that he sold any goods to Ethel Parker. He admitted to prior convictions for larceny and burglary. He knew Bell—"See him, speak to him, keep going about my business."

The testimony of Bell and Parker was sufficient to show that the appellant was in possession of recently stolen property. The general rule is that the exclusive possession of recently stolen goods, absent a reasonable explanation, gives rise to an inference that the possessor was the thief. *Wilkins v. State,* 4 Md. App. 334, 341-342. Thus the trial court could have found that the appellant committed the larceny. But the appellant urges that the testimony of Bell and Ethel Parker also showed that they were in possession of such property; that, by the inference, they were also the thieves; and that, as the thieves, they were accomplices of the appellant. He contends that it was their uncorroborated testimony on which the conviction was based and thus the conviction cannot stand. We agree that the testimony of Bell and Ethel Parker was not corroborated as would be required if they were accomplices and that without corroboration of their testimony the evidence was not sufficient to sustain the conviction. But the witnesses gave an explanation of their possession of the stolen goods. Their credibility was to be judged by the trial court and the weight to be given their testimony was for its determination. The trial court obviously believed their explanations as to how they came into possession of the recently stolen property and considered the explanations to be reasonable. Therefore the inference that they had stolen the property, participating in the commission of the larceny as principals or accessories before the fact, did not arise. Since the

inference that they were the thieves did not arise, the trial court, applying the test as to whether a witness was an accomplice, could properly find that these witnesses were not accomplices as they themselves could not be convicted for the offense of which the appellant was charged. The appellant did not meet his burden of proving that the witnesses were accomplices.[8] He merely denied any connection with the crime or with the stolen property, but the trial court was under no obligation to believe him. *Eley v. State,* 4 Md. App. 230. As there was legally sufficient evidence to support a finding by the trial court that the witnesses were not accomplices, such finding was not clearly erroneous and as such judgment on the evidence was not clearly erroneous, we may not set it aside. Md. Rule 1086.

Even if it be assumed that the evidence was sufficient to establish that the witnesses were receivers of the stolen goods,[9] the appellant is not helped. A thief and a receiver are not accomplices unless they conspire together in a pre-arranged plan for one to steal and deliver to the other, and, pursuant to such plan, one does steal and deliver to the other. *Osborne v. State,* 4 Md. App. 57; *Keene v. State,* 2 Md. App. 325. The evidence here shows no such conspiracy.

As we cannot say that the challenged witnesses were accomplices, their testimony was not required to be corroborated. The *corpus delicti* was proved by the testimony of the victim and the testimony of Bell and Ethel Parker was alone sufficient to es-

---

**8.** The record does not disclose that the issue whether the witnesses were accomplices was specifically raised below. Argument of counsel on the motion for judgment of acquittal made at the close of all the evidence is not transcribed and the trial court rendered the verdict without comment, not stating the grounds for its decision either in open court or by written memorandum. See Md. Rule 742; *Ferraro v. State,* 200 Md. 274. It is properly before us, in any event, on the question of the sufficiency of the evidence.

**9.** The evidence showed that the property was received by them and that it had been stolen. Guilty knowledge that it was stolen and that it was received with fraudulent intent may be inferred if the receivers could reasonably have suspected the true character of the goods. *McGlothlin v. State,* 1 Md. App. 256. On a showing that another was the thief, possession of recently stolen goods, unexplained, gives rise to an inference that the possessor is the receiver. *Kincer v. State,* 5 Md. App. 80.

tablish the criminal agency of the appellant. We hold that the trial court had sufficient evidence from which it could fairly be convinced beyond a reasonable doubt of the appellant's guilt.

The appellant also contends that the trial court erred by not permitting the cross-examination of Ethel Parker relating to her means of livelihood. During the cross-examination of her she said that she lived with her mother and two sisters and that she was not employed. She was asked how she made a living and objection was made and sustained. The appellant now argues that the question was material to her credibility and "was calculated to reflect on the possibility of her having to support herself by devious means," bearing on the question of her complicity as an accomplice. But the fact that she was not then employed was in evidence and there was no proffer as to what the appellant desired further to establish by the question. Ordinarily the scope of cross-examination is a matter within the sound discretion of the trial court. *Plumley v. State,* 4 Md. App. 671. We see no abuse of that discretion here.

*Judgment affirmed.*