## JAMES BRANCH WISE *v.* STATE OF MARYLAND

[No. 29, September Term, 1969.]

*Decided October 30, 1969.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Tucker R. Dearing* for appellant.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Richard J. Kinlein, State's Attorney for Howard County,* and *Alfred T. Truitt, Assistant State's Attorney for Howard County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The appellant, James Branch Wise, was convicted by a jury in the Circuit Court for Howard County of murder in the first degree (the case having been removed from Wicomico County) and sentenced to life imprisonment.

In this appeal, he contends, generally, that the evidence was legally insufficient to sustain his conviction and, specifically, that the conviction rests upon the uncorroborated testimony of an accomplice.

According to the testimony of a taxicab driver, he drove the appellant and a man named Mack from his cab stand to McCrory's Store in Salisbury, Maryland, about 7:00 p.m. on a Saturday evening, which store was within two blocks of a service station where the victim of the murder was shot shortly thereafter.

Two youths named Brown and Harris testified that they were walking in the vicinity of the service station sometime between 7:00 and 8:00 p.m. the same evening when they heard a gunshot, saw two men run from the filling station, and heard one of them say to the other, "You shot him." Although neither youth could identify the individuals, Harris testified that one of them was wearing "a long gray coat with a slit in the back."

Mack, who also had been indicted for the murder but was not tried with appellant, testified that on the day of the shooting he gave the appellant a gun which he had taken from the purse of his friend, Shirley Mae Wallace, and asked appellant to pawn it for him. After confirming the testimony of the taxicab driver that he and appellant had been driven to McCrory's, Mack testified that he and appellant then separated. The next time he saw appellant was at 7:30 p.m. that evening at which time appellant returned the gun to him stating that he had been unable to pawn it; whereupon Mack returned home and replaced the gun in Miss Wallace's pocketbook. He further testified that on the following Monday, when he learned of the shooting at the service station,

he asked appellant what he had done with the gun and the appellant "told me out of his own mouth that he had killed a man * * *. He said he told the man that this is a stick-up and he said the man turned around and slapped him and he said he shot him." Mack further testified that appellant was wearing a long coat with a split tail on the day of the shooting.

Miss Wallace testified that she was unaware that her gun had been taken from her purse and later replaced; and that she had turned it over to the police when questioned by them about the gun.

A ballistics expert testified that the bullet taken from the body of the victim had been fired from that gun.

The appellant did not testify but alibi witnesses produced in his defense testified that appellant was at a cab stand on the other side of the City at the time of the murder.

Assuming, without deciding, that Mack was an accomplice, we are of the opinion that there was evidence legally sufficient to corroborate his testimony. It is, of course, well settled that a conviction may not rest upon the testimony of an accomplice unless that testimony is corroborated by evidence which tends to show that the accused participated in the commission of the crime or tends to identify him with the perpetrators of the crime. *Hopkins v. State,* 5 Md. App. 284, 287; *Boone v. State,* 3 Md. App. 11, 17-20. However, it is equally well settled that only slight corroborative evidence is required. *Hopkins v. State, supra; Barton v. State,* 2 Md. App. 52, 56. And it has been held that independent evidence corroborating the accomplice's testimony that the accused was in the vicinity of the crime at the time it was committed or that he was in the company of the perpetrator or perpetrators either shortly before or shortly after the crime constitutes legally sufficient corroborative evidence. *King v. State,* 5 Md. App. 652, 669; *Boone v. State, supra.* Here, the testimony of the taxicab driver directly corroborated Mack's testimony which placed the appellant in the vicinity of the crime at the time it was committed

and in the company of Mack, the alleged accomplice, shortly before the commission of the crime. This constituted legally sufficient corroborative evidence.

Concerning the sufficiency of the evidence generally, there was, in addition to the accomplice's testimony, testimony of the witness, Harris, that he saw an individual leaving the scene of the crime wearing a long gray coat with a slit in the back and testimony of the ballistics expert that the gun recovered by the police from Miss Wallace, which the accomplice stated he gave to the appellant, was the actual murder weapon. On the basis of our examination of the entire record, we cannot say that the admissible evidence adduced did not show directly or support a rational inference of the facts to be proved, from which the jury could be fairly convinced, beyond a reasonable doubt, of the appellant's guilt. *Williams and McClelland v. State,* 5 Md. App. 450, 459.

*Judgment affirmed.*