## RONALD GEORGE SPIES *v.* STATE OF MARYLAND

[No. 66, September Term, 1969.]
*Decided November 19, 1969.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*J. Earle Plumhoff* for appellant.

*T. Joseph Touhey, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *William J. Blondell, Jr., Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Ronald George Spies, the appellant, was convicted in a court trial in the Circuit Court for Baltimore County of breaking into a dwelling house in the daytime with intent to steal. He was sentenced to serve a term of five years. He contends there was insufficient evidence to corroborate the testimony of an accomplice.

Lillie B. Rody testified that her home on Chanceford Road was broken into on March 7, 1968. The home is geographically located in the Woodlawn area. Among the items taken were: silverware, rings, portable television, and a clock radio. Entrance was gained by forcing the front doorknob in such a manner as to break the lock. William Larry Shade, the co-defendant and accomplice, testified that he had performed at least nine burglaries of private homes in the Baltimore City and Baltimore County area. He said his usual *modus operandi* for gaining entry was to force the doorknob of a door and break

the lock. Shade testified further that he, at an unspecified date, was riding through the Woodlawn section looking for unoccupied residences to break into. He claimed that he was accompanied by two people: Spies and Barbara Sinsky, who subsequently married Spies prior to trial. Shade stated that the trio committed a burglary in the Woodlawn section but he could not remember the date of the burglary, the exact location of the burglary nor specifically what property was taken beyond a television set and a tape recorder. He stated that he did not know where Chanceford Road was; he did not know which house belonged to Mrs. Rody; and generally had no idea where he was, beyond knowing that he was in the Woodlawn section.

The law of Maryland is clear that an accused may not be convicted on the uncorroborated testimony of an accomplice. Although only slight corroboration is necessary, the corroborative testimony must tend either: (1) to identify the defendant with the perpetrators of the crime or (2) to show the defendant's participation in the crime itself. See *Bright v. State,* 1 Md. App. 657, 232 A. 2d 544, *Boone v. State,* 3 Md. App. 11, 237 A. 2d 787.

While the testimony of the accomplice, Shade, clearly implicates Spies in the burglary of the Rody home, there is no corroboration of this fact. Mrs. Rody's testimony does not identify Spies with the perpetrators of the crime nor does it show his participation in the crime itself.

The State claims that three facts corroborate Shade's testimony. Those facts are: (1) the "unique method of entry", (2) the items actually stolen, (3) the testimony of the arresting officer that he arrested Spies and Sinsky together one week after the crime. While the method of entry may, in fact, be unusual, it does not in any way identify Spies with the accomplice, Shade, or to show that Spies committed the Rody burglary. While Shade admitted that he and his accomplices stole a television from the home they burglarized in the Woodlawn area, and the victim stated a television set was missing, once

again this does not in any way identify Spies with the criminals or the crime. The officer's testimony shows that only Spies and Barbara Sinsky were together at the time of the arrest. Even if we ignore the time element Shade was not present; so even this does not identify Spies with the accomplice, Shade. Therefore, the conviction must be reversed.

It is not sufficient that the accomplice's testimony be generally corroborated; the corroboration must relate to the identity of the accused in that, as was stated in *Boone v. State, supra,* at page 19, it tends "to show that the accused was either identified with the perpetrators of the crime or had participated in the commission of the crime itself." Contrast *Keene v. State,* 2 Md. App. 325, 234 A. 2d 477 and *Wise v. State,* 8 Md. App. 61, 258 A. 2d 55.

The instructions accompanying this reversal are controlled by *Gray v. State,* 254 Md. 385, 255 A. 2d 5. When this Court reverses for an insufficiency of evidence we look at the record to see whether additional probative evidence is available to the State. This record shows that the police recovered the television set from a purchaser and it appears that the purchaser could perhaps identify Spies as the seller. In addition, it appears that the State did not fully develop its evidence as to probable cause for the arrest and that on retrial the arrest could be sustained which would result in additional evidence being admitted. We will, therefore, remand the case for a new trial.

*Judgment reversed and case remanded for a new trial.*