JAMES ROY CHRISTOPHER AND JAMES
FRANKLIN KLIMP *v.* STATE OF
MARYLAND

[No. 264, September Term, 1969.]

*Decided April 6, 1970.*

278

The cause was argued before MURPHY, C.J., and AN-DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Charles P. Brown* and *Alfred L. Brennan* for appellants.

*T. Joseph Touhey, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Stuart E. Hirsch, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellants Christopher and Klimp were found guilty by a jury in the Circuit Court for Baltimore County of (1) breaking the outhouse of Eastwind, Inc. on January 2, 1969, with intent to steal goods of the value of $100.00 or more, (2) breaking the outhouse of Charles Evering Post 6505, Inc. on January 5, 1969, with intent to steal goods of the value of $100.00 or more, and (3) receiving stolen goods of the value of $100.00 or more on January 11, 1969, the property of Brackett, Inc.[1] On this appeal, each appellant contends, as to the Eastwind breaking, that there was insufficient evidence of his criminal agency to justify the action of the trial judge in overruling their motions for judgments of acquittal. We disagree.

---

1. Each appellant was sentenced to seven years on each conviction, the sentences to run concurrently.

Kenneth Van Hoy testified as a State's witness that he, together with the appellants, committed the offense. Hoy's testimony was corroborated, as to Christopher's participation, by evidence showing that Christopher's fingerprint was lifted from a whiskey bottle found on top of a ransacked safe in the manager's office. The evidence showed that the print was a fresh one, having been impressed upon the bottle within twenty-four hours of its discovery by the police on January 2, 1969. The evidence also tended to show that the bottle was one which the burglars had handled during the commission of the crime. Compare *McNeil v. State,* 227 Md. 298. In addition, there was legally sufficient evidence corroborative of Hoy's testimony showing that some whiskey bottles stolen during the crime were found by police on January 15, 1969 in Christopher's apartment. We think Christopher's recent possession of the property stolen from Eastwind, together with Hoy's amply corroborated testimony of Christopher's involvement in that offense constitutes a legally sufficient evidentiary predicate to justify submission of the case to the jury for its determination of his guilt. *See Jones v. State,* 5 Md. App. 180.

Hoy's testimony of Klimp's participation in the Eastwind breaking was corroborated by other evidence tending to show that at the time of the crime, Klimp was living with Christopher and his wife and that part of the stolen whiskey was for a time kept in the bedroom in which Klimp slept. While an accused may not be convicted in this State on the uncorroborated testimony of an accomplice, it is settled that only slight corroboration is necessary and will suffice provided it tends either to identify the accused with the perpetrators of the crime, or to show his participation in the crime itself. *Spies v. State,* 8 Md. App. 160; *Boone v. State,* 3 Md. App. 11. We think Klimp's association with Christopher was such as would, under the circumstances, permit the inference that they were in joint possession of recently stolen goods, and that this evidence, together with Hoy's corroborated testimony of Klimp's participation in the crime, was legally

sufficient to carry the case to the jury on the question of Klimp's guilt of breaking the outhouse of Eastwind. *Jones v. State, supra.*

We find no merit in appellants' contention, advanced on the authority of *Leary v. United States,* 395 U. S. 6, that it is unconstitutional to infer from possession of recently stolen goods that the possessor was the thief who broke into the outhouse from which the goods were stolen. *See Anglin v. State,* 244 Md. 652, and *Boswell v. State,* 5 Md. App. 571.

As to the breaking of the Charles Evering Post 6505, the State's evidence of appellants' criminal agency was essentially limited to Hoy's testimony that shortly after the crime the appellants told him that they had committed it and showed him some whiskey, stored in the closet of Christopher's home, which they said they had stolen from the Post. Unlike the whiskey stolen in the Eastwind crime, which independent evidence established was found in Christopher's apartment, there was no such evidence, other than Hoy's testimony, that the whiskey stolen from the Post was the same whiskey as that stored in Christopher's closet.

As to the charge of receiving stolen goods belonging to Brackett—specifically four guns—the State's evidence of appellants' criminal agency was primarily based on Hoy's testimony that Klimp (but not Christopher) had told him that he and Christopher had broken in and stolen the guns. Hoy testified that he saw the stolen guns in Christopher's apartment. He identified them at the trial, they having previously been admitted in evidence without objection. In addition, there was testimony of Raymond Little, another friend of appellants, who testified that he knew the guns were stolen, helped Christopher and Hoy load them into Klimp's car several days after the crime, and later hid them in the woods, instead of taking them to his own home, as requested by Christopher's wife.

While the trial judge charged the jury that it could not convict the appellants on the uncorroborated testimony

of an accomplice, and that Hoy was an accomplice in the Eastwind breaking, he also charged the jury that as to the Post breaking, and the charge of receiving goods stolen from Brackett, no corroboration of Hoy's testimony was necessary "because the testimony there is not of an accomplice"; that according to Hoy's testimony "and all of the other evidence in the case, he had nothing whatsoever to do with the other charges that are pending before you." Appellants excepted to this instruction on the specific ground that the question whether Hoy was an accomplice in the offenses other than the Eastwind was a matter for determination by the jury. The court refused to so instruct, and the appellants now contend that such refusal constituted reversible error. We agree.

We noted in *Burley v. State,* 5 Md. App. 469, 473, and more recently in *Gaskins v. State,* 7 Md. App. 99, that when the evidence relating to whether a witness is an accomplice is capable of being determined either way and justifies different inferences in respect thereto, *the question is for the determination of the trier of fact and in a jury case should be submitted to the jury with proper instructions.*

We think the evidence before the jury was such as would properly permit it to draw the inference that Hoy, an admitted accomplice in the Eastwind offense, was also an accomplice (accessory before the fact or a principal) in the Post breaking and in receiving the guns stolen from Brackett. The record discloses that Hoy had first met Klimp and Christopher in December of 1968; that shortly thereafter, on January 2, 1969, he participated with them in breaking into the Eastwind, after which they all returned to Christopher's apartment where they equally shared in the fruits of the crime. There was evidence showing that Hoy slept in the Christopher apartment; that he was there on or about January 5, the day the Post was broken into, and knew of the offense, and was shown the stolen whiskey in the closet. He was present in the Christopher apartment the day after the guns

were stolen from Brackett and admitted seeing them in Klimp's bedroom in Christopher's apartment. There was evidence showing that the week before the Brackett offense, Hoy had accompanied Klimp to that store. There was evidence showing that on the day after the Brackett crime, Hoy helped Christopher put the stolen guns and whiskey in Klimp's car. The evidence clearly showed that from the time that he first met Klimp and Christopher, Hoy maintained a close association with them, spent much time with them in the Christopher apartment, and could likely have been considered, with them, a joint possessor of the stolen goods stored in the apartment. And the evidence that Hoy helped Christopher move the guns from Christopher's apartment to Klimp's car was such that the jury may have considered Hoy a principal in the receiving offense. Of course, the jury was not obliged to believe Hoy's testimony exculpating himself from guilt in both the Post and Brackett offenses. *See Burley v. State, supra,* at page 474.

It is entirely clear that by instructing the jury, as a matter of law, that Hoy was not an accomplice in the offenses other than Eastwind, that issue was, in effect, withdrawn from its consideration, thus permitting it to convict appellants on Hoy's uncorroborated testimony. As the State's cases against appellants for the Post and Brackett offenses were based almost entirely on Hoy's testimony, the error could in no event be deemed harmless.[2] *See Gaskins v. State, supra.*

*As to indictment #36043:*
*Judgments affirmed.*
*As to indictments #36009 and*
*#36010:*
*Judgments reversed; cases*
*remanded for a new trial.*

---

2. Although not raised, the matter of Little's status as an accomplice in the Brackett offense is by no means free of doubt.