# JOHN LAY FORD, JR. *v.* STATE OF MARYLAND

[No. 322, September Term, 1970.]

*Decided April 27, 1971.*

The cause was argued before MORTON, THOMPSON, and MOYLAN, JJ.

*Charles E. Smith* for appellant.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *J. Thomas Clark, State's Attorney for Queen Anne's County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

John Lay Ford, Jr., the appellant, was convicted by the Circuit Court for Queen Anne's County of the unlawful sale of the drug, LSD. Judge J. DeWeese Carter, presiding without a jury, imposed a sentence of one year. On appeal, the sole question is whether the accomplice's testimony was sufficiently corroborated.

On December 6, 1969, between 7:15 P.M. and 8:15 P.M., Constance McConnell, age 18, a student at Gunston School in Queen Anne's County, received a telephone call from the appellant who asked if she wanted to buy any LSD. Miss McConnell testified that after she said that she did not want any, the appellant asked her to see if any of the other girls at the school wanted some at $5. per pill. She approached two students, Nancy Bruce Holland and Laurie Chandlee, who stated they would buy two pills each. When the appellant called again at 9:00 P.M., he was told that she sold four pills; appellant then said he would drop them off at a post at the entrance to the school between 9:30 P.M. and 10:00 P.M. Miss McConnell found a white envelope containing the pills at the place indicated and distributed them to the two girls. The appellant called the next day and told Miss McConnell to mail the money to a Kenny Benton in Sudlersville, Maryland. About a week later, the headmaster at the school, Paul Long, found out about the drugs and called the girls into his office. The appellant then called Miss McConnell after her talk to Mr. Long and wanted to know what was happening. He called back twice to learn of any new developments.

Laurie Chandlee, age 17, a student at the Gunston School, testified she met the appellant in New Jersey during the summer of 1969. She talked to him on the

telephone on December 6, 1969, before she received the pills. It seems that at the time he was trying to reach Miss McConnell, but inadvertently called the wrong dormitory. They discussed the quality of LSD and they talked about mutual acquaintances in New Jersey. Miss Chandlee said that she was propositioned by the appellant to make weekly sales at the school, but she said, "No." When she was asked if there was any discussion of the LSD she was going to purchase, she replied, "Yes, I think so. I told him that I wanted two tablets." She stated that she could not recognize the appellant's voice over the telephone; however, she did ask him if it was "Jay" and he said "Yes."

Other witnesses corroborated some details of the crime and a chemist identified the pills as LSD, but there was no other testimony to identify the appellant with the crime or with Miss McConnell at the time of the crime.

As we stated in *Spies v. State*, 8 Md. App. 160, 163, 258 A. 2d 758:

> "It is not sufficient that the accomplice's testimony be generally corroborated; the corroboration must relate to the identity of the accused in that, as was stated in *Boone v. State, supra,* at page 19, it tends 'to show that the accused was either identified with the perpetrators of the crime or had participated in the commission of the crime itself.' Contrast *Keene v. State,* 2 Md. App. 325, 234 A. 2d 477 and *Wise v. State,* 8 Md. App. 61, 258 A. 2d 55."

In the instant case, we must look solely to the testimony of Laurie Chandlee as to her telephone conversation with the appellant in order to find the necessary corroboration.

It is first contended the testimony of Laurie Chandlee as to her telephone conversation with the appellant is not sufficient corroboration because she was unable to identify the caller's voice. Since there was no objection to the testimony below, it is possible that this testimony,

even if considered hearsay, would sufficiently corroborate the accomplice's testimony since hearsay, once admitted without objection, is afforded the same probative force as competent evidence, with its weight being for the trier of fact. *James v. State*, 5 Md. App. 647, 651, 248 A. 2d 910. We point out that under *Kitt v. State*, 2 Md. App. 306, 234 A. 2d 621; *Spies v. State, supra; Boone v. State*, 3 Md. App. 11, 237 A. 2d 787, and *Christopher and Klimp v. State*, 9 Md. App. 277, 263 A. 2d 605, the corroboration of an accomplice's testimony need not be great.

In *Basoff v. State*, 208 Md. 643, 119 A. 2d 917, it was held that unauthenticated telephone messages themselves contained sufficient evidence to corroborate other facts tending to show the identity of the accused, and were admissible on the particular facts under the rule of 6 Wigmore, *Evidence*, § 1776 (3d Edition) or as other writers would say as a part of the *res gestae*. In the instant case, it is not so clear that the telephone conversation was a part of the *res gestae* and the mere fact that the caller purported to be the appellant is not sufficient to make the telephone conversation admissible. 7 Wigmore, *Evidence*, § 2155 (3d Edition). However, the fact that they discussed mutual acquaintances in Bayhead, New Jersey, where they had once met briefly; the fact that Miss Chandlee had agreed to purchase LSD from Miss McConnell and the quality of the LSD which she was purchasing, is sufficient under the rule of 7 Wigmore, *supra*, § 2155 (1) (b) to make the evidence admissible. The admissions contained in the conversation are sufficient "sundry circumstances" to authenticate the conversation. As to telephone conversations in general, see also *White v. State*, 204 Md. 442, 104 A. 2d 810. We hold that Miss Chandlee's telephone conversation with the appellant was admissible.

Finally, appellant contends that the testimony of Miss McConnell was not worthy of belief. The credibility and weight of an accomplice's testimony, like that of any other witness's, is a matter for the trier of the facts and not for this Court. *Burley v. State*, 5 Md. App. 469, 472,

248 A. 2d 404. Miss Chandlee's telephone conversation was ample corroboration, under *Kitt v. State, supra; Spies v. State, supra; Boone v. State, supra,* and *Christopher and Klimp v. State, supra.*

*Judgment affirmed.*