## JAMES GILBERT FOXWELL *v.* STATE
## OF MARYLAND

[No. 701, September Term, 1970.]

*Decided September 1, 1971.*

38

The cause was argued before THOMPSON, MOYLAN and CARTER, JJ.

*Livingston W. Yourtee* for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Raymond G. Thieme, State's Attorney for Anne Arundel County, Vincent A. Mulieri, Lynn Kromminga* and *Martin A. Wolff, Assistant State's Attorneys for Anne Arundel County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

James Gilbert Foxwell, the appellant, was convicted by a jury of being an accessory before the fact to an armed robbery. Judge Matthew S. Evans, presiding in the Circuit Court for Anne Arundel County, imposed a sentence of ten years. On appeal, appellant raises one contention: That the testimony of an accomplice who testified against him was not corroborated. We agree.

There is no dispute that on the night of December 19, 1968, James Farrow, Jr., the manager of a store in Anne Arundel County, was robbed at gun point while making a night deposit at a bank. One Elroy Baker was convicted of this robbery, as was stipulated. Likewise, there is no dispute that Charles Eugene Perry was an accomplice.

Perry's testimony was that he had met appellant while he was a customer at a gas station Perry managed. At one time, appellant asked Perry if he knew "a mugger

or somebody who would be interested in making some money." Perry did. Baker was recruited, and with Perry's assistance, a car was stolen and the robber, Baker, transported to the appropriate location. After the robbery, the money was hidden and later divided among the three persons. Perry also testified that appellant was the one who planned the robbery. As to the crime itself, Perry's testimony was corroborated by Farrow as to the color of the car, the dress of the robber, the description of the bag that the money was in, and the approximate amount stolen.

Corroboration for Perry's identifying appellant with the perpetrators of the crime comes only from appellant himself. Appellant admitted to a police officer he had talked to Perry several hours before the robbery, at the store where he worked. The store was about eight blocks from the scene of the crime, and, the night deposit taken in the robbery was the property of appellant's employer. In testimony appellant stated he was unsure whether the conversation occurred on the day of the robbery or the day before. Perry testified as to the same conversation, claiming that it was on the day of the robbery and several hours prior thereto; at that time appellant gave the details of the robbery. Appellant testified the conversation concerned a car he acquired from Perry which had broken down.

An accomplice is one who knowingly, voluntarily, and with common criminal intent with the principal offender, unites with him in the commission of the crime either as a principal or as an accessory before the fact. *Burley v. State,* 5 Md. App. 469, 248 A. 2d 404. The law of Maryland is clear that an accused may not be convicted on the uncorroborated testimony of an accomplice. Although only slight corroboration is necessary, the corroborative testimony must tend either: (1) to identify the defendant with the perpetrators of the crime, or; (2) to show the defendant's participation in the crime itself. *Spies v. State,* 8 Md. App. 160, 162, 258 A. 2d 758.

General corroboration not relating to the identity of the defendant is insufficient; otherwise, a witness could be corroborated by giving his name and birth date. *Sutton v. State,* 10 Md. App. 353, 356, 270 A. 2d 497. If the evidence corroborating an accomplice merely shows the commission of the offense or the circumstances thereof without corroborating appellant's identity, it is insufficient. *Middleton v. State,* 6 Md. App. 380, 251 A. 2d 224.

The reason for the rule requiring the testimony of an accomplice to be corroborated is that it is the testimony of a person who admits his participation in the crime for which he particularly blames the defendant. It should be regarded with great suspicion and caution, because otherwise the life or liberty of an innocent person might be taken away by a witness who makes the accusation either to gratify his malice, or to shield himself, or others, from punishment, or in the hope of receiving clemency by turning State's evidence. *Gaskins v. State,* 7 Md. App. 99, 102, 253 A. 2d 759.

In the instant case, the State and appellant agree on the applicable law as to the definition of an accomplice and the requirement of corroboration. There is no dispute that Perry is an accomplice, and, of course, appellant admitted to a police officer the conversation with Perry several hours before the robbery. In view of this consensus, the issue to be decided is quite narrow: Is the admitted conversation several hours before the robbery sufficient corroboration?

While it is true that sufficient corroboration may be found in a showing that appellant was in the company of the perpetrators at the scene of the crime one hour before the crime, *Wise v. State,* 8 Md. App. 61, 258 A. 2d 55, there is no such evidence in this case. The admitted conversation by appellant with Perry occurred several hours earlier and eight blocks from the scene. Although this testimony places appellant and Perry together, the placement is too remote in time and place from the com-

mission of the crime to be adequate corroboration under all the circumstances.

In *Kitt v. State,* 2 Md. App. 306, 234 A. 2d 621, appellant and co-perpetrator were placed together within minutes after the robbery-murder, and in possession of a gun as described by the accomplice; in *Ham v. State,* 7 Md. App. 474, 256 A. 2d 362, the appellant and the accomplice were together several hours after the robbery, but at the scene of the crime and in the vehicle used in the robbery. In *Holt v. State,* 3 Md. App. 544, 240 A. 2d 355, the accomplice's wife placed the accomplice and appellant together "immediately before and immediately after the hour of the robbery." In none of these cases is the corroboration as weak as in the instant case. If the rule were to be expanded to include the facts herein, the rule might as well be abolished. This we will not do. We reverse.

While it appears unlikely that the State will be able to produce additional probative evidence at retrial, there is the possibility of such production. If the State cannot demonstrate to the trial court within a reasonable time from the issuance of the mandate that such additional probative evidence is available, the case shall be dismissed. See *Gray v. State,* 254 Md. 385, 255 A. 2d 5.

> *Judgment reversed, case remanded for proceedings consistent with this opinion.*