## LUTHER FRANK MOORE *v.* STATE OF MARYLAND

[No. 695, September Term, 1970.]

*Decided September 3, 1971.*

The cause was argued before ANDERSON, ORTH and CARTER, JJ.

*Gerald A. Smith* for appellant.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *J. Thomas Caskey, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

CARTER, J., delivered the opinion of the Court.

The appellant was found guilty by a jury in the Criminal Court of Baltimore of storehouse breaking (a drugstore) with intent to steal property over the value of $100 in violation of Art. 27 § 32 of the Maryland Code and sentenced to five years in prison. He appeals from this judgment, claiming that the trial court committed reversible error when it instructed the jury that Abbie McKnight, a twelve year old boy, was not an accomplice whose testimony required corroboration in order to convict. Appellant contends now, as he did below in excepting to the court's instructions, that whether McKnight was an accomplice was a question of fact for the jury, and not a question of law for the court.

The wife of the owner of the drugstore testified that one of the windows in the vestibule passageway leading into the drugstore was broken and had been boarded up before the store was closed for the day about 7 p.m. on September 7, 1970. Abbie McKnight testified that as he

was walking along the street near the store about 8:30 p.m. on September 7th, the appellant stopped him and inquired if he wanted to make a dollar. McKnight replied he did not because he did not trust anybody he did not know. Appellant then told McKnight that he was going to beat his "tail" unless he entered the drugstore and handed watches out to him. Under this threat from a grown man (22 years old) McKnight allowed himself to be forced into a hole (2 x 3 feet) near the broken window that had been boarded up. McKnight further stated that before any of the watches could be handed out, the police arrived and took him in custody while he was inside the store.

The police officer testified that while he and his partner were making a routine patrol in their car about 9 p.m., he spotted the appellant standing against the front door inside the passageway to the drugstore entrance; that he pulled his car to the curb on the drugstore side and walked toward the appellant who had moved out to the curb; and that he then asked him what he was doing there to which he replied "nothing". The officer further stated that at that time, he noticed the crepe at the boarded-up window moving, investigated it and found Abbie McKnight inside the store. He then arrested the appellant and took McKnight to police headquarters.

The appellant testified that he did not force McKnight to enter the drugstore and denied having had any contact or conversation whatever with him on the evening of September 7th.

When the evidence relating to whether a witness is an accomplice is capable of being determined either way and justifies different inferences in respect thereto, the question is for the determination of the trier of fact and in a jury case should be submitted to the jury with proper instructions. Gaskins v. State, 7 Md. App. 99; Burley v. State, 5 Md. App. 469. McKnight's presence inside the storehouse, in the circumstances of this case, was such as would have properly permitted the jury to draw the in-

ference that he was an accomplice in the storehouse breaking. That a witness, alleged to be an accomplice, testifies to facts exculpating himself from any connection with or involvement in the crime does not mean that the jury is obliged to believe him. *Foster v. State,* 11 Md. App. 40; *Christopher v. State,* 9 Md. App. 277. By instructing the jury as a matter of law that McKnight was not an accomplice, that issue was withdrawn from the jury's consideration, thus permitting it to convict appellant on McKnight's uncorroborated testimony. As the State's case against appellant was based almost entirely on McKnight's testimony, the error cannot be deemed harmless.

*Judgment reversed; case remanded for a new trial.*